JOHN T. McWHIRT v. JOHN McKEE, *Receiver, etc.*

1. ASSIGNMENT—PAROL EVIDENCE—CONTRACT., Where a note is assigned in writing on the back thereof, it is competent for the original payee of the note to show by oral testimony that the note was assigned for collection only, and that the party to whom it was delivered agreed to collect the note and to pay over its proceeds when collected.

2. AGENCY—LIABILITY—ESTOPPEL. Where the holder of a note assigned to him for collection only, brings a suit thereon in his own name, and obtains the benefit of the amount of the note for his own use, he is not, in an action against him by the original payee for the amount of the note, in a position to raise the question whether the maker of the note is not still liable to the payee of the note.

3. STATUTE OF LIMITATIONS—*Dismissal of Action without Prejudice.* A dismissal of an action without prejudice to the plaintiff, is such a "failure in an action otherwise than upon the merits" as entitles a party to the benefit of the saving clauses of section 23 of the code of civil procedure, and prevents the bar of the statute.

*Error from Leavenworth District Court.*

ACTION brought by *John McKee,* defendant in error, as receiver of the late firm of Carney & Stevens, to recover money had and received by *Mc Whirt* to the use of said C. & S. On the 11th of January, 1864, one Nathan Bray gave his note to Carney & Stevens for $1,927.92, due in sixty days. On the 1st of October, 1864, this note was assigned to plaintiff in error. He brought suit on it in his own name in Bourbon county. Bray pleaded a set-off for a larger amount than the note, and on the final hearing of the case, the amount of the note was allowed to McWhirt, and a larger amount to Bray on his set-off, for which balance Bray, on the 10th of April, 1866, obtained judgment.

On the 27th of August 1867, Carney & Stevens brought an action against McWhirt for the amount of Bray's note, with interest, alleging that it was assigned to McWhirt for collection only, and that McWhirt agreed to take the note, collect it, and account for its proceeds, and stating

the facts as to the adjudication between McWhirt and Bray by which McWhirt was allowed the benefit of the note, and their ignorance of the pendency of the suit or its adjudication until months after the action was disposed of. This action was dismissed without prejudice by the plaintiffs on the 8th of March, 1869; and on the 2d of April, 1869, a *second* action of the same character was commenced by the defendant in error, who had been appointed receiver of Carney & Stevens, against the same defendant, which action was likewise dismissed by the plaintiff on the 13th of September, 1869, and on the same day *this action* was brought, having for its object the same relief sought in the other two actions.

The defendant filed an answer, setting up various grounds of defense, among others a general denial, and the statute of limitations. A reply was filed traversing the new facts set up in the answer. On the trial the defendant in error introduced testimony tending to prove the allegations of the petition. The plaintiff in error offered no evidence.

Among other instructions, the court charged the jury that the time during which the first and second actions were pending were to be deducted from the whole period intervening between the accruing and the commencement of the action, and there being less than *three years* remaining, the action was not barred. The trial resulted in a verdict and judgment for defendant in error for the sum of $1,927.92. McWhirt excepted, and now brings the case here by petition in error.

*Thomas P. Fenlon,* and *Clough & Wheat,* for plaintiff in error:

1. McKee's cause of action rested on the supposed verbal agreement in the petition mentioned, without

which he has no cause of action. The indorsement was in writing; by it Carney & Stevens transferred the note to McWhirt, and thereby made him the owner of the note. The verbal agreement was in conflict with this written agreement, and contradicted it, and therefore it was not competent to prove such verbal agreement. 4 Kas., 160; 9 Cowen, 747; 5 Gray, 108; 24 Vt., 240; 11 Pick., 417; 1 Meeson & Welsby, 374; 27 Barb. 489; 12 Met., 138, 277; 23 Illinois, 342; 3 Denio, 512; Edw. on Bills, 313; Pars. on Notes, 509.

Parol evidence is no more competent to contradict things implied by law from a written agreement, than to contradict its express terms. 4 Kas., 160; 2 Selden, 33; 1 Peters, 598; 8 Johns., 190; 9 Cowen, 747; 37 Maine, 351; 2 Kernan, 561.

A contract cannot be partly in writing and partly verbal. 1 Greenl. Ev., § 275; 16 Iowa, 321; 35 Maine, 368; 22 Ind., 171; 30 Mo., 130; 6 Conn., 14; 12 East, 6–11; 17 Mass., 571; 4 Dallas, 340; 13 Illinois, 689.

If the parol evidence given was not competent to contradict the written contract made by the indorsement, there is no question but that McWhirt was the owner of the note; and if the *owner* of the note, he could not be held liable to McKee.

2. If the Bray note was the property of Carney & Stevens after the indorsement, and McWhirt did not have power as between him and Carney & Stevens to bring the action against Bray, then neither such action nor any judgment therein could affect Carney & Stevens. 37 Ala., 553; 22 Wend. 285; 98 Mass., 77; 17 Ill., 413; 5 Bosw., 121; 13 M. & W., 603; 39 N. Y., 441.

And in such case, Bray is still liable to Carney & Stevens on the note.

3. McWhirt plead the two and three years statutes of limitations. If he was liable for the wrongful conversion of the note, then the two-years' clause in § 18 of Code of 1868, (same as § 22 of Code of 1859,) barred the action long before McKee filed his petition. If the action is on the contract, the three-years' limitation provided for in said Codes is applicable, and this action is also barred, as it was not commenced until September, 1869, more than three years after the wrongful act complained of was committed.

McKee seeks to avoid the effect of the limitation laws by showing the commencement of the action brought by Carney & Stevens in August, 1867, and his first action commenced soon after Carney & Stevens dismissed theirs, relying on § 23, code 1868, to save the bar of the statute under the pretense that the plaintiffs *failed* " otherwise than upon the merits." Both of said actions were voluntarily dismissed by the plaintiffs. This was not such a failure as is meant by the statute. 3 Humph., 200; 8 Cranch, 84, 93; 4 Ind., 431; 6 Cush., 417.

Admissions in one plea or ground of defense are not admissible or available against another. Seney, 127, 128, 134, 135, and notes; 1 Chitty's Pl., 563; 34 Cal., 39; 5 Taunton, 228; 1 Blackf., 330; 34 Barb. 237.

*E. Stillings*, and *Green & Foster*, for defendant in error:

1. McWhirt was, by the indorsement and delivery to him rightfully in possession of the note, and a trustee of the proceeds thereof, of which the note was but the evidence. Limitations do not run in favor of trustees or agents. Hill on Trustees, p. 264, note, 2; 3 Johns. Ch. 190; 2 B. Mon., 438; 2 Iredell Eq., 321; Angell on Lim., §§ 166, 167, and 468.

Where the conduct of the trustee is tainted with fraud, the same doctrine will be applied with even greater stringency, and the time will commence to run only from the discovery of the fraud. Hill on Tr., p. 266; *Voss v. Bachop,* 5 Kas., 59; 6 Am. L. Reg., 509.

It is the duty of the agent to keep his principal informed of his acts, and to account; Story on Agency, § 199. Failing to do so, or acting in excess of his authority, will be treated as a fraud: Dunlap on Agents, p. 36. And creates a contract debt which will be enforced by an action for money had and received. Hill on Tr., 518, note. 1; 24 Wend., 9; 2 Vesey, 19; 3 Penn., 398.

There was no appropriation of the money until the judgment, (April 10, 1866;) up to that time the note was under the control of McWhirt. The possession was not adverse until the proceeds were applied to his use, and the statute of limitations did not run until a knowledge or discovery of the appropriation, which was in the fall of 1866, and within three years before the last petition was filed.

2. The obligation of McWhirt to account for and pay over the proceeds of the note is one of *contract,* and nothing less than the three-years limitation can apply. If he was guilty of a conversion by suing the claim in his own name, without the knowledge of Carney & Stevens, it could not change his contract or obligation to Carney & Stevens. An agent or trustee cannot make property his own by his own tort, without the knowledge of his principal, by keeping his own wrong concealed till the limitations should run. The case of *Voss v. Bachop,* recently decided in this court is decisive of this branch of the case.

If the contract on the part of an indorsee to account for or return the note cannot be proved, *aliunde* the indorsement, he has only to put the note in his pocket on its receipt, and call it his own. Such is not the law. McWhirt's contract was to take the note and collect it. The indorsement was made to enable him to accomplish this purpose, and is no part of the contract sued on. 1 Greenl. Ev., §§ 284, 285; 31 Penn. St., 252.

The dismissal of the former actions, "without prejudice," suspends the running of the statute from the first suit; and in the computation of time the statute should stop at that date. A dismissal without prejudice is "a failure, otherwise than upon the merits," as contemplated by § 30, Code of 1862, and § 23, Code of 1868.

The opinion of the court was delivered by

KINGMAN, C. J.: The testimony showed that McWhirt received Bray's note for collection; that he paid nothing for it, but did promise to account for and pay over the proceeds when collected; that the amount thereof was allowed him on the trial of his suit with Bray, whereby he obtained the full benefit of the value of the note, and that he had paid over nothing, and that Carney & Stevens knew nothing of McWhirt's suit against Bray during its pendency, nor till long after it was decided; and that the note was regularly assigned to McWhirt for collection only.

I. It is insisted by plaintiff in error that it is inconsistent with the assignment of the note to permit oral evidence to be given that the assignment was only made for the purpose of collection; and in the argument and brief much learning and diligence is shown in the collection of authorities establishing the law that

1. CONTRACT—
assignment—
parol evidence.

27

oral testimony will not be received to contradict a written contract. We do not propose a review of these authorities, for in the view we take of this case they are not instructive. The oral testimony does not contradict the assignment; does not vary it; does not even explain it. The contract was outside of the assignment, and was parol in its character, and therefore could be proven by oral testimony. The contract was, that McWhirt was to take the note, collect it, and when collected, pay it over; and all this was in parol. The "assignment" formed no part of the contract, and was only made to assist McWhirt in the performance of the obligation he took upon himself by reason of the contract.

II. Another question raised by the plaintiff in error is, that if the note was assigned only for the purpose of collection, then Carney & Stevens have a right to make the amount of the note off of Bray. When such a question arises we shall have no difficulty in deciding it; but in this case it is not presented. McWhirt chose to consider the note as *his own*, and so treated it. It was used to pay his own debt. He therefore is not in a position to raise the question. By his use of the note he made himself liable to Carney & Stevens for the money, and it is no matter to him whether Bray is also liable or not. It was *his* liability that the court was trying, not Bray's. The proceeds of the note paid his debt to Bray. Why should not he account to Carney & Stevens for the money, as well under such circumstances, as if he had collected the note from Bray and used it to pay some other debt? We cannot see wherein his liability is different in the one case from the other.

*2. Party liable for money collected as agent, cannot set up liability of original debtor as a defense.*

III. One of the grounds of defense is the statute of limitations. We think the law on this point was as favorably presented to the jury for the plaintiff in error, as a fair construction of our statutes would authorize. The facts of the case show the commencement and dismissal of two actions for the same cause, before the commencement of the present action. It will be seen that the action accrued in favor of Carney & Stevens against McWhirt, April 10, 1866, and that such action was barred unless it comes within the saving clauses of section 23 of the civil code. On this point it is claimed that a voluntary dismissal without prejudice, is not such a "failure in the action" as is contemplated by the section referred to; but we cannot see upon what grounds we can give such a construction to the section without doing violence to its language and its obvious intent. Where a plaintiff dismisses his action he "fails in such action," and the failure is "otherwise than upon the merits." It is not necessary to inquire what caused the failure in the action—why it was dismissed. It is sufficient that he failed to obtain the object of his suit, and that his failure was not upon the merits. It is such cases as are intended to be saved by the section. Nor do any of the authorities referred to by the plaintiff in error authorize any other construction than we have given to it. The instructions of the court below having been in accordance with the views herein indicated were correct, and the judgment is affirmed.

All the Justices concurring.

*Margin note: 3. STATUTE OF LIMITATIONS: saving clauses.*