AMERICAN INS. Co. v. STRATTON.

1. **Promissory Note:** OFFICIAL SIGNATURES OF SCHOOL OFFICERS: DISTRICT NOT BOUND BY. Where a note was given to an insurance company for "Policy No, 138,181," and was signed "E. G., president, J. A., secretary, E. S., director," and had nothing else to show that it was the obligation of the school district of which the makers were the officers, *held* that, in a suit thereon against one of the makers individually, he could not escape liability by showing that it was given for insurance upon the school-houses of the district, and that it was intended as the obligation of the district.

2. **School Districts:** INSURANCE OF SCHOOL-HOUSES: STATUTE CONSTRUED. Chapter 111, acts of 1882, which legalizes all contracts made by school officers for insurance of school buildings, as well as all orders, warrants and other evidences of indebtedness issued therefor, was not intended to render a district liable for the personal obligation of its officers, such as the note sued on in this case.

*Appeal from Cherokee District Court.*

SATURDAY, OCTOBER 21.

ACTION upon promissory notes. Judgment for plaintiff. Defendant appeals.

*J. D. T. Smith* and *Joy & Wright*, for appellant.

*Kellogg & Herrick*, for appellee.

BECK, J.—I. The action is upon several promissory notes, all in the following language, except variances as to amounts and numbers of policies:

"For value recieved in policy, No. 138,181, dated the day of 18 issued by the American Insurance company, of Chicago, Illinois, we promise to pay to said Company the sum of seven dollars and ninety-nine cents on the 1st day of July, 1874, and seven dollars and ninety-nine cents on the 1st day of July, 1875, and seven dollars and ninety-nine cents on the 1st day of July, 1876, and seven dollars on the 1st day of July, 1877, without interest."

> EMORY GOODRICH, *president.*
> J. A. CROWTHER, *secretary.*
> ELIAS STRATTON, *director.*

The answer alleges that the notes were given by the officers of a school district, upon a vote of the board of directors, for the premiums upon policies of insurance on the school-houses of the district; that they were received by plaintiffs as the obligation of the district, and the policies were issued thereon and were part of the same transactions, and that defendant was known to plaintiff to be a director of the district. The answer alleges that there was no consideration paid by plaintiff to defendant for the notes, and avers that they are without consideration.

A demurrer to the answer was sustained, and defendant standing upon his pleading, judgment was entered for plaintiff.

II. The case falls within the rule of *Wing v. Glick et al.*, 56 Iowa, 473. The notes in suit do not appear, from anything upon their face, to be the contract of the school district. The description added to the names of the makers of the note is not sufficient to show that it is not their individual contract. Nor does the recitation of the number of the policy have that effect. It is not an unusual thing for an individual to give his note for a consideration moving to another. The fact that the policy was issued to the school district does not establish the liability of the district for the premium, or show that defendant did not intend to bind himself personally for the premiums. The case is distinguishable from *Lacy v. The Dubuque Lumber Company*, 43 Iowa, 510, upon the facts.

III.   The allegation of want of consideration is to be considered in connection with the facts alleged in the answer, which show that the notes were executed for the premiums upon the insurance of the school-houses.   Indeed, the language setting up this defense is to the effect that no consideration moved from the plaintiffs to defendant.   It does not deny that the premiums constituted the consideration of the notes.

IV.   Counsel for defendant insist that under chapter 111, acts Nineteenth General Assembly, the notes are valid obligations against the school district.   This statute legalizes all contracts made by school officers for the insurance of school buildings, as well as all warrants, orders, and other evidence of indebtedness issued therefor, but it does not reach this case.   It does not provide that personal obligations like the notes in suit shall be regarded as the obligations of the school district, and the obligors shall be relieved from liability thereon; this the statute should attempt to do, in order to be applicable to this case.   The question would then arise involving the validity of such a statute.

In our opinion the District Court correctly ruled sustaining the demurrer to the answer to plaintiff's petition, and in rendering judgment for plaintiff.

AFFIRMED.