## McCANDLESS v. The BELLE PLAINE CANNING COMPANY *et al.*

Promissory Note: MAKERS : CORPORATION AND OFFICERS : PERSONAL LIABILITY : ORAL EVIDENCE. A promissory note reading "we promise to pay," etc., and making no reference in the body of it to the character or capacity of the makers, was signed, "BELLE PLAINE CANNING COMPANY. H. WESSEL, Secretary. A. J. HARTMAN, President." *Held* that, upon the face of the note, Wessel and Hartman were personally bound, and that oral testimony was not admissible to show that it was intended and understood that the canning company alone was to be bound. (*Heffner v. Brownell*, 70 Iowa, 591, and 75 Iowa, 341, *followed.*)

| | |
|---|---|
| 78 | 161 |
| 85 | 641 |
| 78 | 161 |
| 87 | 248 |
| 78 | 161 |
| 90 | 732 |
| 78 | 161 |
| 100 | 722 |

*Appeal from Benton District Court.*—HON. L. G. KINNE, Judge.

FILED, JUNE 6, 1889.

ACTION on a promissory note. There was a trial by jury and a verdict and judgment for the plaintiff. Defendants appeals.

*Geo. C. Scrimgeour* and *Gilchrist & Whipple*, for appellants.

*J. J. Mosnat* and *J. D. Nichols*, for appellee.

ROTHROCK, J.—The note upon which the action was founded is in these words:

"$1,500.        BELLE PLAINE, IOWA, July 21, 1884.

"One year after date we promise to pay to Eliza J. McCandless, or order, at the law office of J. J. Mosnat, in Belle Plaine, Iowa, the sum of fifteen hundred dollars, for value received, with interest thereon at the rate of seven per cent. per annum, payable annually. Should any of the interest not be paid when due, it shall become a part of the principal, and bear interest at the rate of ten per cent. per annum. If this note is not paid when due, and suit is brought hereon, the holder shall be entitled to recover reasonable attorney's fees therefor; and all endorsers and guarantors of this note hereby severally waive demand and notice of non-payment.

                        "BELLE PLAINE CANNING CO.
                        "A. J. HARTMAN, President.
"H. WESSEL, Secretary."

The Belle Plaine Canning Company, defendant, is a corporation. No defense was made in its behalf, and judgment was rendered against it by default. The defendants Wessel and Hartman claimed that they were not liable upon the note, because they signed the same, not as individuals, but for and in behalf of the Belle Plaine Canning Company. A number of witnesses were introduced upon the trial; and their testimony was taken as to what occurred when the note was given in the way of explanation of the signatures of said Wessel and Hartman, and which testimony tended to show that said defendants signed the note in their official capacity, and not otherwise. And there was evidence tending to show that the plaintiff believed, when she received the note, that said defendants were makers thereof as individuals. The plaintiff testified that,

before the note was executed, she asked Wessel what security he would give, and he replied that he would give his own name and Hartman's name on the note. After the evidence was all introduced, the court, on motion of the plaintiff, directed the jury to return a verdict against the defendants for the amount of the note.

The question to be determined on this appeal is whether the court erred in directing the verdict. In the case of *Heffner v. Brownell*, 70 Iowa, 591, the promissory note upon which the suit was brought was in substantially the same form as the note in the suit at bar. It was a note purporting to be signed by a corporation, and by "B. I. BROWNELL, President," and "D. B. SANFORD, Secretary." It was held that the note on its face purported to bind all the persons who executed it, including the corporation. The judgment was reversed, and the cause remanded for a new trial. The defendant Brownell thereupon filed an answer, in which he alleged that the note sued on was the note of the corporation alone, and that it was given for an indebtedness of the corporation alone; that said defendant was president, and D. B. Sanford was secretary, of the corporation, and it was their duty, under its by-laws, to execute in its name all contracts entered into by it; that, in pursuance of that authority, they signed the note, intending to bind the company only, which facts were well known to plaintiff at the time, and that he accepted it with the understanding that the company alone was to be bound. There was a demurrer to this answer, which was overruled, and the cause was again appealed to this court, and we held that the demurrer should have been sustained upon the ground that extrinsic evidence was not admissible to show the intention of the parties who signed the note. 75 Iowa, 343. We discover no good reason for not following the opinions in that case; and, as the question here presented is the same. the judgment in this case must be

AFFIRMED.