L. J. TALLEY v. MARY E. BURTIS *et al.*

NOTE—*Joint Makers—Indorsement by Third Party—Presumption—Guarantor.* Where a promissory note signed by T. and B. on its face was indorsed by a third person, a stranger to the note, by writing her name across the back thereof, in the absence of any knowledge of the relation of T. and B. on said note, beyond what appears from the note itself, she had a right to presume that T. and B. were both principal makers of the note, and her liability on such note is that of a guarantor. But her liability would remain the same, though she knew, when she indorsed the note, that T. was an accomodation maker on said note for B.

*Error from Shawnee District Court.*

THE opinion states the case.

*C. N. Sterry,* for plaintiff in error.

*Jasper H. Moss,* for defendants in error.

Opinion by STRANG, C.: Action on a promissory note, of which the following is a copy:

"$1,400.            TOPEKA, KANSAS, May 16, 1887.

"Ninety days after date, we promise to pay to the order of the First National Bank, Topeka, Kansas, fourteen hundred dollars, at the First National Bank of Topeka, Kansas. Value received, with ten per cent. interest after maturity.

L. J. TALLEY.
FRANK S. BROWN.

"Due August 17, 1887."

(Indorsed on the back:) "MARY E. BURTIS."

The defendant Mary E. Burtis claims that L. J. Talley and Frank S. Brown were joint makers of the note sued on, and that she was indorsor and guarantor. When the note became due it was renewed by giving a new note exactly like the original, and executed by the several parties thereto in the same manner. When the second note became due, the said Talley and Brown failing to pay the same, it was paid by Mrs. Burtis and indorsed to her, and she brought suit on it against Talley and Brown as makers. Talley and Brown filed separate answers, Brown answering by general denial only, while Talley answered by general denial, and also pleaded that he signed the note as a surety with Mrs. Burtis for Brown. The plaintiff replied by a general denial. At the April term, 1888, the case was tried by the court without a jury, the court making the following findings of fact and of law:

"FINDINGS OF FACT.

"1. Ninety days preceding the making of the note sued on in this action, the defendant Brown presented to the plaintiff a promissory note of that date and of the same form for the sum of $1,400, payable 90 days after date, to the First National Bank, and signed by the defendant L. J. Talley, and the said Frank S. Brown requested the plaintiff to indorse the said note by writing her name across the back of said note, and thereupon the said note was then by the said Brown negotiated to the First National Bank of Topeka, Kansas, and he received the proceeds of said note.

"2. When the plaintiff indorsed the said note by writing her name across the back of said note, she did not know that Talley was or had executed said note as surety for Brown, and believed that both Talley and Brown were makers of said note, and believed that she was only assuming the liability of indorser for the principals Talley and Brown.

"3. Brown received the proceeds of said note from the bank, and appropriated the same to his own use and benefit, and Talley received no benefit from the said note or proceeds of the same.

"4. When the first note above described matured, the note described in plaintiff's petition was made by Talley and Brown as shown, and indorsed by the plaintiff as appears on said exhibit, as a renewal of said first note first above described.

"5. After the note described in plaintiff's petition matured and was dishonored for non-payment, the plaintiff took such note up from the bank by paying the bank the full face value of the note, and became the owner and now is the owner and holder of said note.

"6. The plaintiff is aged 68 years and is a widow, her husband having died several years ago, and is quite hard of hearing, and her eyesight greatly impaired."

### "CONCLUSIONS OF LAW.

"1. When the defendant Brown presented the first note, indorsed with the name of Talley and his own name written on the face of the note, and asked plaintiff to indorse the note by writing her name across the back of the same, she had the right to assume that both Talley and Brown were makers of said note and that her liability was that of an accommodation indorser, and with the understanding that Talley was an accommodation maker of the note for Brown.

"2. As between Talley and Brown, Brown is principal and Talley is surety for Brown."

Judgment was entered for the plaintiff for the amount of the note and costs. A motion for a new trial was overruled. An application was then made to the court to have the judgment reduced one-half, which was refused.

The first error complained of was the refusal of the court to strike out the statements of Sharitt and Brown made immediately prior to Mrs. Burtis's indorsement of the first note. While the statements complained of could not bind the defendant, Talley, they were evidence for some purposes. The tend to show Mrs. Burtis's understanding of the relation of Talley and Brown to the note at the time she indorsed it. The case was tried without a jury. If it had been tried by a jury it would have been proper for the court to have limited the application of this evidence. The evidence should not, however, have been stricken out. There is another view of this matter. Talley having signed his name to the note and intrusted it to Brown, he thereby gave Brown implied authority to represent him as a maker of the note, for the purpose of procuring other joint makers, sureties, or guarantors, suf-

ficient to discount it on the market. (*Keith v. Goodwin,* 31 Vt. 209.) In this view of the case the statements of Brown, at least, obtained an additional force. His statements at the time, and immediately before Mrs. Burtis indorsed the note, that she would have no trouble with the note, that Mr. Talley would pay it, was equivalent to saying that Mr. Talley was a principal, and she had a right to so understand it and rely upon it.

The second complaint is that there is no evidence to support the second finding of fact. It seems to us there is considerable evidence in the record that supports finding number 2. The position of Talley's name on the note is some evidence that, at the time Mrs. Burtis indorsed the note, she believed he was the maker of the note. Mr. Brown's statement that she would have no trouble with the note, that Talley would pay it, also had a tendency to make her believe Talley a maker of the note; and she swears Brown did not tell her Talley had signed as surety. Again, she testified, "I merely indorsed these men; not to pay the money, but to pay it if they did not. They were responsible for the money, and I merely indorsed these men." If she believed Talley was a maker, she could not believe he was only surety. She also says she relied on Mr. Talley's responsibility to pay the note, and on him alone; that she knew Brown hadn't a dollar. Certainly there is some evidence to support the finding. It is true there is some evidence in the record that tends to prove that she knew the money was for Brown, but that would not necessarily prove that Talley was only a surety. Talley had a right to become a joint maker of a note upon which to raise money for Brown, if he chose to do so.

It is claimed that Mrs. Burtis knew that Brown was the principal, and her only belief that Talley would pay and save her lay in the understanding that she had that Talley was to be secured. She did not know that Talley was to be secured until after she had indorsed the note. The talk she

had with Brown in which he mentioned that he was going to
secure Talley with a mortgage on furniture was after she had
indorsed the first note, and before she indorsed the second.

It is asserted that Mrs. Burtis has no stronger equity to
have the case determined for her on what occurred when she
signed, than Talley has to have the case determined for him
upon what occurred when he signed. We think she has a
much stronger equity as against him than he has as against
her. At the time he signed the note there was no name on it.
He signed first.

There is nothing on the paper to show any liability on the
part of any one when he signed it. On the other hand, both
Talley and Brown had signed the note, when it was presented
to her for her indorsement, and both had apparently signed
it as principals. In the absence of any statement at all, she
had a right to assume that the parties already on the note
sustained the relation to the note and to each other that they
appeared to, that is, joint makers. It seems to us that as be-
tween Mrs. Burtis and Talley and Brown, they are principals,
joint makers of the note, while she by her indorsement as-
sumed the liability of guarantor. (*Firman v. Blood*, 2 Kas.
496; *Fuller v. Scott*, 8 id. 25; *Sarbach v. Jones*, 20 id. 497;
*Withers v. Berry*, 25 id. 259; *Pahlman v. Taylor*, 75 Ill. 629.)

It is therefore recommended that the judgment of the dis-
trict court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.