# SUPPLEMENT.

H. DAY, Administrator, Appellee, v. JOHN RAMSDELL
et al., Appellants.

**Promissory Note:** SIGNATURE: CONSTRUCTION. A promissory note reciting that "we, the Tama Paper Company, promise to pay," etc., but signed merely by two persons describing themselves as president and secretary, respectively, is the individual obligation of the persons thus signing the same.

*Appeal from Tama District Court.*—HON. J. H. PRESTON, Judge.

THURSDAY, MAY 19, 1892.

ACTION upon a promissory note. There was a demurrer to the petition, which was overruled, and judgment was entered for the plaintiff. The defendants appeal.—*Affirmed.*

*Struble & Stiger* for appellants.

*J. W. Willett* and *O. H. Mills* for appellee.

ROTHROCK, J.—The note upon which the action was brought is in these words:

"$500.            TAMA CITY, April 20, 1885.

"One year after date we, the Tama Paper Company, promise to pay to the order of H. Day, administrator, five hundred dollars, at Tama City, Iowa, value received, with interest at eight per cent.

[Signed.]    "JOHN RAMSDELL, Pres.
            "H. E. RAMSDELL, Sec."

The demurrer was to the effect that no action could be maintained on said note against the defendants, because it appears from the petition that the

(731)

note sued upon is not the personal obligation of these defendants, but is the personal obligation of the Tama Paper Company, and that it appears from the averments of the petition and the note in suit that it was executed by the defendants for the Tama Paper Company, by them as president and secretary of said company. It does not appear that the Tama Paper Company was a corporation when the note was executed, nor whether it was a partnership or voluntary association of persons. On the face of the instrument, it is the undertaking of the defendants. The promise that "we, the Tama Paper Company," will pay the amount named, has direct reference to the signatures affixed to the note. It designates John Ramsdell and H. E. Ramsdell as the promisors. It has reference to no other person than the persons whose names are signed to the paper. It is true that they are designated as the "Tama Paper Company." It may be that they are the "Tama Paper Company." We know of no reason why two or more persons may not engage in business, and adopt a company name. The fact that the terms "Pres." and "Sec." are added to the names of the defendants does not limit the obligation of the defendants. The language of the body of the instrument can not be controlled by the mere description of the person whose name is signed thereto. *Scraper Co. v. Tuttle*, 61 Iowa, 423; *Heffner v. Brownell*, 70 Iowa, 591. In our opinion, the ruling of the district court in overruling the demurrer is in accord with the line of decisions in this state upon notes similar to the one in suit. See *Wing v. Glick*, 56 Iowa, 473; *American Insurance Co. v. Stratton*, 59 Iowa, 697; *Lewis v. Tilton*, 64 Iowa, 220; and *McCandless v. Belle Plaine Canning Co.*, 78 Iowa, 162. The judgment of the district court is AFFIRMED.

KINNE, J., having been of counsel, took no part in the decision of this case.

OPINION ON REHEARING.

· TUESDAY, JANUARY 23, 1894.

ROBINSON, J.—A rehearing having been ordered in this case after the former opinion was filed, it has been reargued, and is again submitted for our determination.   Since the original submission of this cause, we have had occasion to consider the liability of persons who sign obligations similar to that involved in this case, and the relief which they may obtain, in the cases of *Lee v. Percival*, 85 Iowa, 639; and *Matthews v. Dubuque Mattress Co.*, 87 Iowa, 246.   Our views on the questions involved have been so fully expressed in the numerous cases that we find it unnecessary to add much to our former opinion in this case.   A majority of us are satisfied with the conclusion therein reached, which is, in effect, that the note in suit purports to be the personal obligation of the defendants.   It will be noticed that the question decided was raised by demurrer.   Whether the words, "We, the Tama Paper Co., promise to pay," in connection with the signatures to the note, create such an ambiguity that with proper pleadings the defendants might have shown that they signed the note in a representative capacity only, is a question not involved in this case.   It can not be said that the petition, which alleges that the defendants made and delivered the note in suit, does not state a cause of action against them.   Our former conclusion is adhered to, and the judgment of the district court is AFFIRMED.

GRANGER, C. J.—I adhere to the views expressed in the dissenting opinion in *Matthews v. Mattress Co.*

KINNE, J., took no part in the determination of this case.