## DENMAN v. BRENNAMEN *et al.*

No. 4077.   Opinion Filed April 29, 1915.

Rehearing Denied July 6, 1915.

(149 Pac. 1105.)

1.   **EVIDENCE—Parol—Notes—Corporations.** A promissory note, the body of which is in the usual, simple form, and signed, "F. U. S. Co., By W. M. D. Direct J. A. Z. Direct R. M. Direct J. W. Mc. Direct H. C. C. Direct D. E. A. Pres."—the first name being that of a corporation, is not necessarily the independent obligation of the corporation, but is ambiguous in the sense that it was not error to admit parol evidence to show the intention of the parties was to obligate themselves for its payment.

2.   **PLEADING—Reply—Answer.** A reply need not be filed when the answer does not really set up new matter, but rather evidential facts in the way of denial to the plaintiff's petition.

3.   **TRIAL—Reopening Case—Refusal to Recall Jury—Discretion.** A party to a lawsuit, who voluntarily remains away from the trial of his case until the jury has retired and before they return a verdict, cannot complain because the court declines to recall the jury on his appearance for the purpose of permitting him to testify. The court's action, being discretionary, is never error, unless abused.

(Syllabus by Watts, C.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Action by A. A. Brennamen against W. M. Denman and others. Judgment for plaintiff, and defendant named brings error. Affirmed.

This action was brought in the district court, Jefferson county, by defendant in error Brennamen against W. M. Denman, plaintiff in error, J. A. Zackary, Roy Martin, J. S. McKnight, H. C. Cutler, and D. E. Ackerman upon the following written instrument:

"$337.00. WAURIKA, OKLA., SEPT. 25, 1906.

"One day after date we promise to pay to the order of A. A. Brennamen three hundred and thirty-seven and no/100 dollars at the bank of Waurika, Waurika, Oklahoma, value received with interest at 10 per cent. per annum from date until paid.

"FARMERS' UNION STOCK CO.,
"By W. M. DENMAN, *Direct.*
"J. A. ZACKARY, *Direct.*
"ROY MARTIN, *Direct.*
"J. W. MCKNIGHT, *Direct.*
"H. C. CUTLER, *Direct.*
"D. E. ACKERMAN, *Pres.*"

Indorsed:

"January 25, '08, received on within note twenty-five dollars."

The petition alleges, in addition to the usual allegations, that defendants promised and agreed with plaintiff to be individually liable and bound, and that the note was signed with such understanding. On May 10, 1911, defendants Denman, Zackary, Martin, and McKnight filed a joint demurrer stating: First, the petition did not set up sufficient facts to constitute a cause of action; second, because the petition on its face shows that if plaintiff has a cause of action, same was against Farmers' Union Stock Company, and not against them; which on September 19, 1911, was heard, overruled, exception saved, and leave to answer. Default was entered against defendants Cutler and Ackerman for want of plea. Other defendants on November 28, 1911, filed joint answer verified by defendant Zackary, consisting of a general denial, and alleging that the note sued on was the debt of the "Farmers' Union Stock Company," a corporation, and signed by them as agents and not in their individual capacity; that plaintiff Brennamen knew their authority in the

Denman v. Brennamen et al.

premises, and that the note was the debt of the corporation, and not the individuals.   To this answer no reply was filed.   The cause was tried December 7, 1911, to a jury.   At the conclusion of the defendant in error's evidence the answering defendants entered a demurrer, which was sustained, except as to Denman.   Some immaterial testimony was taken on behalf of Denman, after which his attorney stated that it was then 11 o'clock and his client (Denman) would arrive on the 11:40 a. m. train, and moved the court to recess until such time, which was denied and exception taken.   Upon motion of the defendant in error, the court instructed a verdict against Denman and Ackerman, to which Denman excepted.   It further appears that the court then gave written instructions, to which no exception appears to have been taken or saved, and after argument the jury retired; that soon thereafter the attorney for Denman stated to the court that his client was then in court and had a good and valid defense to the action; that the jury was still deliberating, and he moved the recall of the jury, to permit him to testify in his own behalf, which was denied and exception taken.   The jury returned the verdict for defendant in error, and in due course motion for new trial was filed, heard, overruled, exception taken, and judgment rendered for defendant in error, from which Denman alone appeals and assigns as error the following:

"First.   The court erred in overruling the demurrer to plaintiff's petition.

"Second.   In admitting evidence offered on the part of plaintiff and objected to by defendant.

"Third.   In the admission of evidence disputing the allegation of defendant's answer, when same had not been denied by any pleading on the part of the plaintiff.

"Fourth. In refusing and ruling out competent evidence offered on the part of the defendants.

"Fifth, in refusing to postpone the further hearing of the cause for 45 minutes and enable defendant Denman to testify.

"Sixth. In peremptorily instructing the jury to return the verdict against Denman when there was evidence before the jury for which reasonable minds could have based a verdict in his favor.

"Seventh. In refusing the request of the defendant Denman that the jury be recalled and he be permitted to testify in his own behalf, he being present in court long prior to the time that the verdict was rendered.

"Eighth. In overruling the defendant's motion for new trial.

"Ninth. Because the verdict and judgment is contrary to law and the evidence introduced in said cause."

*Jones & Green,* for plaintiff in error.

*Bridges & Vertrees,* for defendants in error.

Opinion by WATTS, C. (after stating the facts as above). 1. Assignments 1, 2, 4, 6, 8, and 9 may be considered together as embracing but one question.

On the face of the note as herein set out, is it ambiguous in the sense that it was error to admit parol evidence to show that the intention of the parties was to obligate themselves to its payment? Upon this proposition we think the courts have discussed and differed in their views beyond all hope of immediate reconciliation, and if the Supreme Court of this state had not heretofore chosen the affirmative, we would find much difficulty in our alinement. In *Wiers et al. v. Treese,* 27 Okla. 774, 117 Pac. 182, Mr. Justice Dunn, who wrote the opinion, very carefully considered the question, involving a note equally as difficult as the one under consideration, to-wit:

Denman v. Brennamen et al.

"$40.00        CLEVELAND, O. T., SEPT. 6TH, 1901.

"January 1st, 1904, after date, the Greenwood Gin Co. promise to pay to S. N. Treese & Son or bearer, forty dollars at the Triangle Bank of Cleveland, O. T., value received with interest at 10 per cent. per annum.        No. 3. Due Jan. 1st, 1901.

> "M. A. WIERS, *Pres. of Company.*
> "W. A. MOORE, *Sec.*"

We call especial attention to the reading and signing of the note last referred to:

"The Greenwood Gin Co. promise to pay."

"[Signed]        M. A. WIERS, *Pres. of Company.*
"W. A. MOORE, *Sec.*"

We quote Judge Dunn as follows:

"It appears that on the trial of the action the court admitted, over the objection of plaintiffs in error, evidence showing that the note was signed by them in their personal capacity, and that it was intended to bind them, and not the Greenwood Gin Company. Courts in which this proposition had been presented and passed on have left no field for original research or expression, and, in passing on the same, we content ourselves with a quotation from two well-considered cases which disclose the state of the law and which express our views.

"The Supreme Court of Maryland, in the case of *Laffin & Rand Power Co. v. Sinsheimer,* 48 Md. 411, 30 Am. Rep. 472, in holding parol evidence admissible in such case, said: 'The construction of written instruments, signed by persons describing themselves as agents, or as officers of corporations, has been a fruitful source of litigation, and the decisions are conflicting and in many cases unsatisfactory. Not that there seems to be any difficulty in regard to the rules of law which ought to govern in the interpretation of contracts, but in the application of such rules to each particular case. The subject is fully considered by Parsons on Notes and Bills, Story on Prom-

issory Notes, Byles on Bills of Exchange; and we do not propose to examine in detail the many cases referred to by these writers, nor attempt the fruitless task of reconciling conflicting decisions. After all, the question whether one signing a note or accepting a bill, as an officer of a corporation, means to bind himself personally is a question of intention between the parties to the instrument; and this intention, we admit, as a general rule, must be determined by the face of the paper itself. Where one having authority accepts a bill in such a manner as manifests an intention not to bind himself, but to bind a corporation of which he is an officer, and to be paid out of the funds of the corporation, it is clear in such a case the acceptance will not bind him personally. But cases frequently occur, owing to the almost infinite variety in forms of expression and in the use of words, in which it is difficult to determine from the face of the paper itself whether the party signing means to bind himself, and adds his official character merely for the purpose of indicating the character in which he acts, or whether the official character is added for the purpose of showing he does a mere ministerial act, and that the promise is made and the obligation incurred for and in behalf of the corporation. In other words, does he, in the language of the court in *Bradlee v. Boston Glass Com'y*, 16 Pick. (Mass.) 347, "apply the executing hand as the instrument of another, or the promising and engaging mind of a contracting party"? In such cases, where there is such ambiguity on the face of the paper as to be consistent with either construction, whether one means to bind himself personally, or acts only in an official capacity, parol evidence is clearly admissible, to prove the circumstances under which the contract was made, or, in other words, to prove the true nature of the transaction. *Haile et al. v. Pierce*, 32 Md. 330, 3 Am. Rep. 139; 1 Am. Leading Cas. Marg. 633, notes to *Rathbon v. Budling* and *Pentz v. Stanton*. Parol evidence in such cases does not contradict, alter, or add to the written instrument, but explains the intention of the parties, and which could not be ascertained with

any degree of certainty from the face of the instrument itself.' "

Again, in 70 Iowa, 591, 31 N. W. 947, *Heffner v. Brownell:*

"We promise to pay Daniel Heffner," etc.

"[Signed]    INDEPENDENCE MFG. CO.,
"D. I. BROWNELL, *Pres.*
"D. B. SANFORD, *Sec.*"

Quoting:

"In the case at bar it may be considered that the Independence Manufacturing Company is bound, and still the question remains whether the defendant is not also. The note purports on its face to be the note of all the persons, including the corporation, who executed it. There is nothing on the face of the note which indicates that the defendant signed it as president of the manufacturing company, and for it.  *  *  *  The courts have been called on to determine who is bound on notes similar in some respects, and yet all to which our attention has been called are different from the instrument sued on. Some of these do not disclose the name of any principal except the persons who have signed the note, or claim to have done so in a representative capacity. In this case, as the note purports to bind both the corporation and the defendant, and there is nothing to indicate that the defendant was president of the corporation, or had signed the note for it, or in its behalf, we think he is bound personally, and that the letters 'Pres.' must be regarded simply as descriptive of the person to whose signature they are appended. It follows that the court erred in sustaining the demurrer."

In *McCandless v. Belle Plain Canning Co.,* 78 Iowa, 161, 42 N. W. 635, 4 L. R. A. 396, 16 Am. St. Rep. 429, the note in question reads:

"We promise to pay to Eliza J. McCandless," etc.

> "BELLE PLAIN CANNING CO.,
> "A. J. HARTMAN, *President.*
> "H. WESSELL, *Secretary.*"

In this case the facts were that the Belle Plain Canning Company, defendant, was a corporation. No defense was made in its behalf, and judgment was rendered against it by default. The defendants Wessell and Hartman claimed they were not liable upon the note because they signed same, not as individuals, but for and in behalf of the Belle Plain Canning Company. A number of witnesses were introduced upon the trial, and the testimony was taken as to what occurred when the note was given in the way of explanation of the signatures of Wessell and Hartman, and which testimony tended to show that said defendants signed the note in their official capacity and not otherwise. And there was evidence tending to show that the plaintiff believed, when she received the note, that the said defendants were makers thereof as individuals. The plaintiff's testimony was that before the note was executed she asked Wessell what security he would give, and he replied that he would give his own name and Hartman's name on the note. After the evidence was all introduced, the court, on motion of the plaintiff, directed the jury to return a verdict against the defendants for the amount of the note, and upon appeal the cause was affirmed.

In 50 Kan. 91, 31 Pac. 688, 18 L. R. A. 533, 34 Am. St. Rep. 107, *Kline et al. v. Bank of Tescott,* the note in controversy was as follows:

"$950.00        KANOPOLIS, KANS., JUNE 1ST, 1888.

"Nine months after date we promise to pay to the order of Western Creamery Building & Supply Company

nine hundred fifty dollars, at the Kanopolis State Bank, Kanopolis, Kansas, with interest at the rate of 12 per cent. per annum until paid.

"[Signed]    KANOPOLIS CREAMERY CO.,
"H. C. WAITE, *President*.
"W. B. WOOLEY, *Secretary*.

"No. 1120.  Due March 1st, 1889."

On the back of the note is:

"W. F. KLINE, WM. VAN DEVENTER, H. B. FARRIS; D. H. FUNK, *Board of Directors*."

And the court said:

" 'Where individuals subscribe their proper names to a promissory note, *prima facie* they are personally liable, though they add a description of the character in which the note is given; but such presumption of liability may be rebutted as between the original parties, by proof that the note was in fact given by the makers as agents with the payee's knowledge' (citing Byles, Bills, 27, note 1; *Haile v. Pierce*, 32 Md. 327 [3 Am. Rep. 139]; *McWhirt v. McKee*, 6 Kan. 412; *Talley v. Burtis*, 45 Kan. 147, 25 Pac. 603)."

The court further says:

"There is one principle upon the subject almost universally admitted, * * * and that is the interpretation of the contract ought, in every case, to be such as will carry into effect the intention of the parties; and in most cases it is admitted that proof of the facts and circumstances which took place at the time of the transaction are admissible to aid in the interpretation of the language employed. * * * We think that the parties who signed as directors had the right, at the trial, to give in evidence to the jury that the note in question was not their note as guarantors, but that it was the note of the Kanopolis Creamery Company only."

In the following cases somewhat similar writings have been construed supporting our view of the law: 8

Cyc. 269; *Fiske v. Eldridge,* 12 Gray (78 Mass.) 474; *Frankland v. Johnson,* 147 Ill. 520, 35 N. E. 480, 37 Am. St. Rep. 234; *Day, Adm'r, v. Ramsdell,* 90 Iowa, 731, 52 N. W. 208, 57 N. W. 630; *Rendell v. Harriman et al.,* 75 Me. 497, 46 Am. Rep. 421; *White v. Miner's Nat. Bank of Georgetown,* 102 U. S. 658, 26 L. Ed. 250; *McCandless v. Belle Plaine Canning Co.,* 78 Iowa, 161, 42 N. W. 635, 4 L. R. A. 396, 16 Am. St. Rep. 429; *Sturdivant et al. v. Hull,* 59 Me. 172, 8 Am. Rep. 409; *Kean v. Davis,* 21 N. J. Law, 683, 47 Am. Dec. 182; *Wetumpka & Coosa R. R. Co. v. Bingham,* 5 Ala. 657; *Gillig, Mott & Co. v. Lake Bigler Road Co.,* 2 Nev. 214; *Southern Pacific Co. v. Von Schmidt Dredge Co. et al.,* 118 Cal. 368, 50 Pac. 650; *De Witt et al. v. Walton,* 9 N. Y. 571; *Keidan v. Winegar,* 95 Mich. 430, 54 N. W. 901, 20 L. R. A. 705.

In *James v. Citizens' Bank,* 9 Okla. 446, 60 Pac. 29, can be found a very complete discussion of the subject.

As a *dictum,* in the case at bar, we are lead to believe that if the notes had been signed, "Farmers' Union Stock Company, by W. N. Denman, Pres.," "Secy.," "Treas.," or such like, and not followed by other names with the suffixes added, then it unquestionably would have been the note of the corporation, and not susceptible of parol, but by the addition of their names with the suffixes added, as in the case at bar, it leaves the situation in doubt as to the real intent of the parties. Most all of the authorities hold that a suffix is merely descriptive of the person, and some of the authorities go to the extent, where the name is followed by a suffix, that it is not even proper to permit evidence to show that it was the intention of the parties to sign in the capacity of an agent. We are not unmindful that various and reputable authorities hold contrary to the views we have taken. See *Car-*

penter v. Farnsworth, 106 Mass. 561, 8 Am. Rep. 360; Heffron v. Pollard, 73 Tex. 96, 11 S. W. 165, 15 Am. St. Rep. 764; Falk et al. v. Moebs, 127 U. S. 597, 8 Sup. Ct. 1319, 32 L. Ed. 266; Mathews v. Dubuque Mattress Co., 87 Iowa, 246, 54 N. W. 225, 19 L. R. A. 676; McClellan et al. v. Reynolds, 49 Mo. 312; Latham v. Houston Flour Mills et al., 68 Tex. 127, 3 S. W. 462; Liebscher v. Kraus, 74 Wis. 387, 43 N. W. 166, 5 L. R. A. 496, 17 Am. St. Rep. 171; English & Scottish-American Mortgage & I. Co. v. Globe Loan & Trust Co. et al., 70 Neb. 435, 97 N. W. 612, 6 Ann. Cas. 999; 10 Cyc. notes, pp. 1026, 1027.

II. We cannot agree with counsel in the third assignment. It seems to us the answer does not set up new matter, but rather states evidential facts, constituting an answer to the petition, to which a reply need not be filed See Terrapen v. Barker, 26 Okla. 93, 109 Pac. 931. However, as defendants went to trial without objection, it is now too late to raise the question. Holt v. Holt, 23 Okla. 639, 102 Pac. 187.

III. The fifth and seventh assignments were addressed to the sound discretion of the trial court, and it is never error, unless abused. The plaintiff in error, Denman, was a party to the suit, and should have been present, to give evidence, if necessary. However, as no written motion under oath, or other substantial showing at the time of the request, as to what he would testify, if present, was made, we do not think error was committed.

Therefore, finding no errors of the trial court, we recommend that the judgment of the lower court be affirmed.

By the Court: It is so ordered.