## The Laflin and Rand Powder Company *vs.* Louis Sinsheimer.

*Question as to the Personal liability of one signing a Note or accepting a Bill as an Officer of a Corporation—When acceptance does not bind the Acceptor personally—When parol Evidence is admissible to prove the circumstances under which a Bill was Accepted—Statute of Frauds in a Suit by the Payee of a Bill against the Acceptor—Consideration between the Drawer and Acceptor of a Bill not to be inquired into in a Suit by the Payee against the Acceptor.*

The question whether one signing a note or accepting a bill as an officer of a corporation, means to bind himself personally, is a question of intention between the parties to the instrument, and this intention, as a general rule, must be determined by the face of the paper itself.

Where one having authority, accepts a bill in such a manner as manifests an intention not to bind himself, but to bind a corporation of which he is an officer, and the bill is to be paid out of the funds of the corporation, the acceptance in such a case will not bind him personally.

Where a bill of exchange is drawn upon a person in his individual capacity, and is accepted by him as treasurer of a corporation, and there is such ambiguity on the face of the paper as to raise the question whether he meant to bind himself personally, or acted only in an official capacity, parol evidence is admissible in a suit against him by the payee, to prove the circumstances under which the bill was accepted; or in other words to prove the true nature of the transaction.

The Statute of Frauds has no application in suits on an acceptance, which, as against the payee, conclusively admits funds of the drawer to be in hand. The drawer and acceptor are the *immediate* parties to the consideration, and if the acceptance be without consideration, the drawer cannot recover of the acceptor. But the payee holds a different relation; he is a stranger to the transaction between the drawer and the acceptor, and is therefore in a legal sense a *remote* party. In a suit by him against the acceptor, the consideration as between the drawer and acceptor cannot be inquired into.

The payee or holder gives value to the drawer, and if he is ignorant of the equities between the drawer and acceptor, he is in the position of a *bona fide* endorsee.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*Exception.*—The plaintiff offered the four prayers following :

1. That the legal effect of the bill of exchange offered in evidence is *prima facie* to make the defendant personally liable as acceptor of the same.

2. That if the jury find that the defendant accepted the bill of exchange offered in evidence, in consideration of the promise of the Lancaster Furnace and Mining Company, to provide him with funds for the payment of the same, the defendant is liable, notwithstanding the jury may find that the said Company failed to comply with its undertaking.

3. That if the jury find that the defendant was the owner of one-third of the whole capital stock of the Lancaster Furnace and Mining Company, as shown by certificate offered in evidence, that he was active in promoting the business of the company, and that the defendant promised the plaintiff to take the draft, offered in evidence, for powder bills that were payable at the end of the months of September and October, 1874, and thereby obtain a longer credit for the payment of said bills, that there is sufficient evidence of a consideration for the acceptance of the defendant.

4. That the paper offered in evidence, upon which this suit is brought, is in law a bill of exchange, of which the Lancaster Furnace and Mining Company is the drawer, the defendant, L. Sinsheimer, is the acceptor, and the plaintiff the payee, and that the defendant has by his acceptance thereof, personally incurred the legal obligation

to the plaintiff to pay said bill of exchange as fully as if the words written under his acceptance had been omitted, and that the evidence in this case, taken subject to exception, in not legally sufficient or admissible to vary the legal character of said paper as above set forth, or to make the rights of the plaintiff other than those of a holder of a bill of exchange.

The defendant offered the following prayers, numbered 1 and 2, and that which appears as number 3, was given by the Court as its own instruction:

1. That if the jury believe from the evidence before them, that the draft was given for materials furnished to the Lancaster Furnace and Mining Company of West Virginia; that the same was a body corporate, and that the defendant was treasurer, authorized on its behalf to accept this draft; that the materials were not sold upon the credit of the defendant; that he never entered into any arrangement or contract to pay for the same, and that it was not the understanding or intention of either plaintiff or defendant, at the time the acceptance was made, that the defendant should be bound personally for the same, that then the plaintiff cannot recover.

2. That if the jury believe from the evidence, that the goods for which the draft was given were sold to the Lancaster Furnace and Mining Company, and that the same was a body corporate; that the defendant was its Treasurer, duly authorized to accept this draft; that the goods were sold upon the credit of the Company, were charged against the Company in the books of the plaintiff, and that the defendant did not intend to bind himself personally in accepting the draft, that then the burden of proof is on the plaintiff to show that it took said acceptance upon the personal credit and responsibility of the defendant.

3. That if the jury shall find that the plaintiff sold to the Lancaster Furnace and Mining Company the powder stated in the evidence, and delivered the same, to be paid

for by said Company, and that afterwards the defendant gave the acceptance sued on for the price of the same, then there, is no sufficient evidence to bind him individually under the Statute of Frauds, and the plaintiff is not entitled to recover.

The Court (Dobbin, J.,) granted the first prayer of the plaintiff, and refused its second; third and fourth prayers; granted the first prayer of the defendant and refused his second, and gave an instruction of its own, which appears as the third prayer of the defendant.

The Court in refusing the third prayer of the plaintiff stated: "The Court refuses this prayer for the reason that whilst it is of opinion that the bill sued upon is a bill of exchange in its form, and makes a *prima facie* case for the plaintiff, as stated in the plaintiff's first prayer which is granted, yet there is upon the face of it, and in the acceptance of it such ambiguity as raises. the question of the defendant's individual liability thereupon, and makes evidence admissible to show the circumstances under which it was drawn and accepted, and the facts of the transaction which constitutes the consideration for which it was given. Upon the evidence thus admitted, the Court is of opinion that the instruction given is in conformity with the ruling of the Court of Appeals in the case of *Wyman vs. Gray*, 7 *H. & J.*, 409."

To the refusing of its second, third and fourth prayers, the plaintiff excepted, as also to the granting of the defendant's first prayer, and to the instruction given by the Court as its own. The verdict and judgment. being for the defendant, the plaintiff appealed.

The cause was argued before Bartol, C. J., Bowie, Miller, Alvey and Robinson, J.

*John Scott, Jr.*, for the appellant.

*I. Rayner*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellant sued the appellee, as acceptor of the following bill of exchange :

" $728.00." " IRONTOWN, *Nov.* 18*th*, 1874."

" Sixty days after sight, pay to the order of Laflin & Rand Powder Co. seven hundred and twenty eight dollars, value received, and charge to account of

<div align="right">LANCASTER FURNACE AND M. Co.</div>

" To L. SINSHEIMER,          *per* S. J. A. Jan. 20."
      *Baltimore.*"

Written across its face, " Nov. 20, 1874, accepted. L. Sinsheimer, Treas. of L. F. & Mining Co."

It is insisted, that the bill on its face imports a personal liability of the appellee as acceptor ; and that parol evidence is inadmissible either to prove that it was accepted by him in his official character as Treasurer of the corporation, and for a debt due by it to the plaintiff, or to prove other facts and circumstances with a view of determining the personal liability of the appellee.

The construction of written instruments, signed by persons describing themselves as agents, or as officers of corporations, has been a fruitful source of litigation, and the decisions are conflicting and in many cases unsatisfactory. Not that there seems to be any difficulty in regard to the rules of law, which ought to govern in the interpretation of contracts, but in the application of such rules to each particular case. The subject is fully considered by *Parsons on Notes and Bills, Story on Promissory Notes, Byles on Bills of Exchange ;* and we do not propose to examine in detail the many cases referred to by these writers, nor attempt the fruitless task of reconciling conflicting decisions.

After all, the question whether one signing a note or accepting a bill, as an officer of a corporation, means to

bind himself personally, is a question of intention between the parties to the instrument ; and this intention, we admit, as a general rule, must be determined by the face of the paper itself. Where one having authority, accepts a bill in such a manner as manifests an intention not to bind himself, but to bind a corporation of which he is an officer, and to be paid out of the funds of the corporation, it is clear in such a case, the acceptance will not bind him personally.

But cases frequently occur, owing to the almost infinite variety in forms of expression and in the use of words, in which it is difficult to determine from the face of the paper itself, whether the party signing, means to bind himself, and adds his official character merely for the purpose of indicating the character in which he acts ; or whether the official character is added for the purpose of showing he does a mere ministerial act ; and that the promise is made and the obligation incurred for and in behalf of the corporation. In other words, does he, in the language of the Court in *Bradlee vs. Boston Glass Com'y*, 16 *Pick.*, 347 : "Apply the executing hand as the instrument of another ; or the promising and engaging mind of a contracting party." In such cases where there is such ambiguity on the face of the paper as to be consistent with either construction, whether one means to bind himself personally, or acts only in an official capacity, parol evidence is clearly admissible, to prove the circumstances under which the contract was made ; or, in other words, to prove the true nature of the transaction. *Haile, et al. vs. Pierce*, 32 *Md.*, 330 ; 1 *American Leading Cases, marg.* 633, *Notes to Rathbon vs. Budling* and *Pentz vs. Stanton*.

Parol evidence in such cases does not contradict, alter or add to the written instrument, but explains the intention of the parties, and which could not be ascertained with any degree of certainty from the face of the instrument itself.

The question then in this case is whether there is any such ambiguity on the face of this bill and acceptance, as to make parol evidence admissible to prove the circumstances under which it was accepted. Here is a bill of exchange, drawn by a corporation on the appellee in his individual capacity, to pay a certain sum of money to the appellant. It is returned accepted by him *as Treasurer of the Lancaster Furnace and Mining Co.*

Now if it had been drawn on him as Treasurer, and so accepted, it certainly might be contended that the acceptance did not bind him personally.

But it is said having been drawn on him *individually*, he was bound to accept according to the tenor of the bill, or disclaim all personal liability by his acceptance. To this, however, it may be replied, that it was in the power of the appellant, as payee, to insist upon an absolute and unqualified acceptance, and upon the refusal of the appellee so to accept, or upon a qualified or conditional acceptance, to have notified the drawer accordingly.

Be that as it may, no one can read this bill and acceptance and say that it necessarily or even clearly imports an agreement on the part of the acceptor to be individually liable, and if it be conceded that it is liable to such a construction, it is equally clear it may be construed as an acceptance by the appellee in his official character, as Treasurer of the Corporation. Being consistent therefore with either construction, parol evidence was admissible to prove the circumstances surrounding the transaction for the purpose of enabling the Court and jury to determine the respective liabilities of the parties.

In *Mare vs. Charles*, 5 *Ellis & Black.*, 978, it does not appear that parol evidence was offered to explain the character of the acceptance, and the acceptor was held liable on the ground that where the words of an instrument will reasonably bear an interpretation making it valid, Courts will not so construe it as to make it void. Or as

put by Coleridge, J., in that case, it ought to be construed " *ut res magis valeat,*" and not " *ut res magis pereat.*"

But where the acceptance is so worded as to be ambiguous or susceptible of different constructions, the introduction of parol evidence to explain this ambiguity and the circumstances under which the acceptance was made, does not necessarily render either the acceptance or the bill itself void. The object of the proof in such cases is to determine the question of the personal liability of the acceptor.

The evidence therefore offered in this case being admissible, if it established the fact that the bill was drawn for materials furnished the Lancaster Furnace and Mining Co., and the appellee was authorized, and did in fact accept it as Treasurer of the Corporation, and it was understood between the payee, plaintiff below, and the acceptor, that the latter was not to be liable personally, then the plaintiff was not entitled to recover, and there was no error in granting defendant's first prayer.

The defendant's third prayer, however, was clearly erroneous. The Statute of Frauds has no application in suits on an acceptance, which as against the payee, conclusively admits funds of the drawer to be in hand. The drawer and acceptor are the *immediate* parties to the consideration, and if the acceptance be without consideration, the drawer cannot recover of the acceptor. But the payee holds a different relation ; he is a stranger to the transaction between the drawer and the acceptor, and is therefore in a legal sense a *remote party*. In a suit by him against the acceptor, the question as to the consideration between the drawer and acceptor cannot be inquired into. The payee or holder gives value to the drawer, and if he is ignorant of the equities between the drawer and acceptor, he is in the position of a *bona fide endorsee.* *Robinson vs. Reynolds,* 2 *Queen's Bench,* 196 ; *Raborg vs. Peyton,* 2 *Wheat.,* 385 ; *Storer vs. Logan,* 9 *Mass.,* 60.

For these reasons the judgment below must be reversed and a new trial awarded.

<div align="center">

*Judgment reversed, and
new trial awarded.*