Opinion by
Willson, J.
§ 762. Failure of consideration; cannot be pleaded against bolder of a negotiable instrument, when; liability of an acceptor; case stated. Dewar & Co. drew a draft upon appellee, payable to their own order thirty-five days after date, dated February 11, 1884. ’ Dewar & Co. indorsed the draft, and in due course of trade it came into the hands of appellant before it was due. Evants accepted it after appellant had acquired it, and’thereafter refused to pay it, upon the ground that the consideration for his acceptance had failed. Appellant sued to recover the amount of the draft, and judgment was rendered in favor of appellee upon his plea of failure of consideration. It was proved on the trial that appellant had paid value for the draft, without having notice of any defense thereto. Held: Our statute provides that the assignee of any negotiable instrument, who obtains the same before its maturity by giving for it a valuable consideration, and without notice of any discount or defense •against it, shall be compelled to allow only the just discounts against himself. _[R S. art. 265.] In Watson v. Flannagan, 14 Tex. 354, it is said: “ It is a general rule that the total or partial failure of consideration may be insisted upon as a defense between any of the immediate or original parties to the contract. If the holder has notice when he purchases the note that it is void in the hands of the party from whom he purchases it, either from fraud, want or failure of consideration, or illegality of consideration, he will take it subject to the same equities as that party. On the other hand, the partial or total failure of consideration, or even fraud, between the antecedent parties, will be no defense or bar to the title of a bona fide holder of the bill, for a valuable consideration, at or before it becomes due, without notice of any *668 infirmity therein.” [Citing Story on Bills, §§ 187, 188.} This is the doctrine laid down by the leading authorities, and is the same declared by our statute above quoted. [1 Daniel, Neg. Inst. §§ 174, 769 et seq.; 1 Parsons on Bills and Notes, 180; Hoffman v. Bank of Milwaukee, 12 Wall. 190; L. & R. P. Co. v. Linsheimer, 48 Md. 411; Marsh v. Low, 55 Ind. 271.] The trial court charged the jury: “If you believe from the evidence that the Bank of Commerce purchased the draft before the same had been presented to the defendant Evants for acceptance, they would not be innocent purchasers under the law, as to said defendant.” This charge is erroneous, and must have misled the jury. The facts were that the draft was purchased by appellant before it had been presented to Evants, and that Evants had accepted it after appellant had become the owner of it. Under this charge, and these facts, the jury could not have found otherwise than for the defendant, provided they believed from the evidence that the consideration for the defendant’s acceptance of the draft had failed. The fact that appellant acquired the draft before it had been presented to and accepted by appellee does not in any way affect the standing of appellant as an innocent purchaser. Mr. Parsons lays down the rule thus: “If the acceptance is absolute in its terms, and the bill is received by the payee in good faith and for value, it is no answer to an action by him that the defendant received no consideration for his acceptance, or that the consideration thereof has failed. And it is immaterial, for this purpose, whether the bill is accepted while in the hands of the drawer, and at his request, or has passed into the hands of the payee before acceptance, and is accepted at his request.” [1 Pars, on Bills and Notes, 180. See, also, Robinson v. Reynolds, 2 Q. B. 196.] When a bill lias been accepted, the acceptor becomes the principal debtor and a party to the bill, his obligation being co-existent with the bill itself. [W. & W. Con. Rep. § 754, citing 1 Dan. Neg. Inst. § 395.] Instead of the charge given by the court, *669 the special charge requested by appellant should have been given, which is as follows: “If you find from the evidence that the bill of exchange sued on was sold by Dewar & Co. to plaintiff for a valuable consideration, before the acceptance thereof, and that said plaintiff purchased the said draft before its maturity, and without notice of any defense, and that thereafter, and before the maturity of said instrument, the defendant herein accepted said bill, you will find for the plaintiff.” Tins charge presented the law, as we understand it to be, applicable to the facts.
May 13, 1885.
Reversed and rendered.