# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—MAY TERM, 1896.

## American National Bank v. The Western Hay and Grain Co., for the use of C. M. Ewan.

1. NEGOTIABLE PAPER—*Failure of Consideration Between Drawer and Drawee as Affecting Payee.*—If the payee of a bill of exchange gives value to the drawer, and is in ignorance of a want or failure of consideration as between the drawer and the drawee, such want or failure of consideration can not be set up against him by the drawee after payment or acceptance.

**Attachment** and garnishment. Appeal from the City Court of Canton; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 4, 1896.

GRANT & CHIPERFIELD, attorneys for appellant.

ABBOTT & WORLEY and P. W. GALLAGHER, attorneys for

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT. It appears from this record that C. M. Ewan, residing at Canton, Illinois, ordered of the Western Hay and Grain Co., of Kansas City, Mo., a car load of No. 1 timothy hay. Thereupon said company shipped him a car load of hay, and drew upon him for the price, $127.93.

The draft was payable at sight in favor of the appellant bank and was accompanied by a bill of lading for the hay.

The appellant discounted the draft, paying the drawer the face thereof less the discount, and transmitted it, with the bill of lading attached, to the First National Bank of Canton for collection. The hay having reached Canton, and Ewan being unable to obtain or examine it without payment, paid the draft to the last named bank.

A part of the hay, being taken to his place of business, was found to be unfit for use, and such proved to be the condition of the entire lot. For this cause he returned what he had so received to the car, and immediately brought an attachment against the Western Hay and Grain Co., and caused the Canton Bank to be summoned as a garnishee. The appellant bank interpleaded, claiming the money which was still in the possession of the Canton Bank. A trial by the court of this issue, a jury being waived, resulted in a finding and judgment for the plaintiff for said sum of $127.93. Appellant brings the record here and asks a reversal.

The attachment suit by Ewan against the Western Hay and Grain Company was to recover damages by reason of a breach of contract, and the garnishment of the Canton Bank was for the purpose of reaching money belonging to the attachment defendant as alleged. In such cases if the garnishee is held, the judgment is in favor of attachment defendant for the use of the plaintiff and against the garnishee.

It is, of course, essential that the garnishee owes the attachment debtor, or has possession of property belonging to him. Third parties claiming the subject-matter garnisheed may interplead and assert any interest they have therein and may appeal from an adverse decision.

The question here is whether the money held by the Canton Bank belonged to the Western Hay and Grain Co. or to the appellant bank.

The evidence is uncontradicted that the latter paid the former the face of the draft, less the usual discount in the

usual course of business, and had no knowledge of any want of consideration as between the drawer and the drawee.

The bill of lading being attached gave the payee a lien upon the hay, but no notice of the defense is to be inferred from this fact. When the money was paid to the Canton Bank, it belonged to the appellant, unless the circumstances in proof can operate to a different result.

Appellee argues that the payee of the bill of exchange is chargeable with a want of consideration as between the drawer and the drawee—that though the latter accepts the bill, he may excuse himself from paying it upon the ground of a want or failure of consideration afterward ascertained, and that if he has paid it under a mistake of fact and without consideration he may recover the money back from the payee, and in such case the money is to be treated as not belonging to the payee, but in this instance as subject to garnishment in the attachment proceeding against the drawer. Without conceding that the conclusion would necessarily follow the premise, let us inquire whether the premise is correct. Reference is made by counsel to Story on Bills, Sec. 187, where the general rule is announced that the want or failure of consideration may be insisted on as a defense or bar as between any of the immediate or original parties to the contract, and the author in the next sentence states instances where the defense may be made as by the drawer against the drawee, by the payee against his indorser, and by the acceptor against the drawer, but does not give the case of acceptor and payee.

In Daniel on Negotiable Instruments, Sec. 174, it is said that, as between the immediate parties to a bill, a want of consideration may be shown, but as between other parties remote to each other the defense is not admissible, and therefore it becomes important to determine who are immediate and who are remote parties, and proceeds to say that the drawer and acceptor, the drawer and payee, and the indorser and his indorsee of a bill are immediate parties, but that the payee and acceptor are as a general rule remote parties, between whom a want of consideration to

the acceptor is not a sufficient defense.   In such case it must also be shown that the payee is not a *bona fide* holder for value.   To the same effect is Tiedeman on Commercial Paper, Sec. 154; Laflin & Rand Powder Co. v. Sinshiner, 48 Md. 411; Hoffman v. Bank of Milwaukee, 12 Wallace, 181.   In the latter case a consignor, who had been in the habit of drawing bills of exchange on his consignee with the bills of lading attached, drew on him certain such bills with forged bills of lading attached, and discounted the drafts in the ordinary course of business with a bank which was ignorant of the fraud.   The consignee, not knowing that the bills of lading were forged, paid the drafts, and afterward on discovery of the fraud sued the bank, but it was held that he had no recourse on the bank.   The court said that as between remote parties to a bill, as for example, the payee and acceptor, a want of consideration as between the latter and the drawer is not a defense; that where the payee acquires the bill before due and without notice two considerations are involved; first, that which defendant received for his liability; and second, that which the plaintiff gave for his title, and held the rule to be well settled that between the remote parties to the bill the action will not be defeated unless there be an absence or failure of both of these considerations.   And so the court ruled that the plaintiff could not recover back the money on the ground that it had been paid without consideration and by mistake of fact, for in such case there was neither mistake nor want of consideration in contemplation of law.

In the case at bar, the attaching plaintiff could not have recovered back the money so paid by him to the bank.

Had the draft been payable at a future day and accepted by him in ignorance of his defense, he could not have pleaded such want of consideration in an action on his acceptance.

Such defense might prevail if supplemented by a want of consideration, as between the drawer and payee; that is, that the latter gave nothing for the bill and therefore had no title thereto as against the acceptor.

In such case perhaps the law might regard the payee as merely the agent of the drawer, and the money, though paid on the draft, as really belonging to the latter. Very clearly, however, that is not the case as made by the proof in this instance.

We are of opinion the judgment against the garnishee is erroneous. It will therefore be reversed and the cause remanded.