300    APPELLATE COURTS OF ILLINOIS.

Doretti et al. v. George E. Rice Potato Co., Inc., 210 Ill. App. 300.

John Doretti and Paul Doretti, trading as Doretti Brothers & Company, Appellees, v. George E. Rice Potato Company, Inc., et al., on appeal of First National Bank of Foley and National Produce Bank of Chicago, Appellants.

## Gen. No. 23,550.

1. GARNISHMENT, § 39*—*when draft not subject to garnishment as property of drawer.* When the drawer of a draft deposits it with a bank and is given credit by the bank on a note of the drawer held by it for collection, such note being returned to the drawer marked "paid" and a draft for the amount of the note being sent by the bank to the payee, all relations between the drawer and the bank growing out of his deposit of the draft in the bank are at an end, and a second bank to which the first bank thereafter sends the draft for collection holds it as the property of such first bank and the draft cannot be garnisheed in its hands as the property of the drawer.

2. GARNISHMENT, § 63*—*necessity of indebtedness of garnishee to attachment debtor.* An indebtedness from the garnishee to the attachment debtor is essential.

3. GARNISHMENT, § 138*—*right of third persons to assert claims.* Third parties claiming the subject-matter garnisheed may interplead and assert any interest they have therein, and may appeal from an adverse decision.

4. MUNICIPAL COURT OF CHICAGO, § 27*—*when bill of exceptions sufficient.* Bill of exceptions *held* sufficiently to comply with the requirements of section 23 of the Municipal Court Act (J. & A. ¶ 3335).

Appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded with directions. Opinion filed April 24, 1918.

ROYAL W. IRWIN and EWART HARRIS, for appellants.

WEBSTER & SHERRARD, for appellees; DANIEL WEBSTER and ARTHUR A. SHERRARD, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

This is an appeal from a judgment in the sum of $206.67 and costs entered in favor of the appellees and against the National Produce Bank as garnishee.

On January 24, 1917, the appellees began suit in the Municipal Court for the sum of $206.67, and in their statement of claim set forth that having bought and paid for certain carloads of potatoes it was found upon examination that "the said cars did not contain the amount agreed upon to be delivered"; that they "paid sight draft bill of lading," and that by reason of the "short weight" there was due appellees the net sum of $206.67. On the same date the appellees filed an affidavit for attachment in aid against the George E. Rice Potato Company and the appellant, the National Produce Bank of Chicago (garnishee), for $206.67 "for liquidated damages." An attachment writ in aid was issued and on the same date returned served on the appellant, the National Produce Bank, as garnishee, and on February 2, 1917, the latter filed its answer, stating that it had no "money, goods or property of the defendant, the George E. Rice Potato Company, in its possession, control, custody or charge." The George E. Rice Potato Company was duly served with summons, and notice of the writ of attachment in aid, by publication.

March 6, 1917, the appellant, the First National Bank of Foley, Minnesota, hereinafter called intervening claimant, filed an intervening petition claiming that the draft—which was the subject of the attachment in aid or garnishment—was assigned to and deposited with the intervening claimant by the George E. Rice Potato Company on January 20, 1917; that at the time the George E. Rice Potato Company was given credit for the amount of said draft in partial payment of an indebtedness theretofore existing between the George E. Rice Potato Company and the

302        APPELLATE COURTS OF ILLINOIS.

Doretti et al. v. George E. Rice Potato Co., Inc., 210 Ill. App. 300.

intervening claimant; that for a good and valuable consideration and the partial extinguishment of the indebtedness of the George E. Rice Potato Company, the intervening claimant claims the amount of the draft so garnisheed as its own property.

March 6, 1917, the appellant, the National Produce Bank, hereinafter called garnishee, filed a supplemental answer setting up, among other things, that the draft on Doretti Brothers & Company, appellees, was on January 20, 1917, prior to the service of the attachment writ upon the George E. Rice Potato Company, assigned to the intervening claimant, and by the latter accepted in partial payment of a debt from the George E. Rice Potato Company, and that the intervening claimant, the First National Bank of Foley, on the same date gave the George E. Rice Potato Company credit on said debt in the amount of the draft.

From the evidence it appears that there is no question but that appellees ordered a certain quantity of potatoes from the George E. Rice Potato Company, and upon receipt of the bill of lading accepted a draft dated January 19, 1917, drawn by the George E. Rice Potato Company on appellees in the sum of $1,039.80, payable to the intervening claimant, the First National Bank of Foley. And, further, there is no question but that certain carloads of potatoes were short in weight, and that there was due to the appellees from the George E. Rice Potato Company, by reason of the short weight, the sum of $206.67.

At the time of the trial it was admitted by all parties that the amount claimed in the statement of claim was in the hands of the garnishee, National Produce Bank of Chicago, the contention of the garnishee and the intervening claimant being that at the time of the issuance of the writ of attachment the draft did not belong to the George E. Rice Potato Company. It was also admitted that there being no appearance of

the George E. Rice Potato Company of record, the appellees need not prove the amount of damages. The testimony of one Mushel, called on behalf of the intervening claimant, is to the effect that the latter made, during the fall of 1916, certain loans to the George E. Rice Potato Company; that on January 20, 1917, the George E. Rice Potato Company owed it, the intervening claimant, $10,300 on four demand notes: one of October 4, 1916, for $1,800; one of October 25, 1916, for $5,000; and two of November 1, 1916, one of which was for $2,000 and the other for $1,500; that in addition to those notes the intervening claimant on January 20, 1917, held for collection a note executed by the George E. Rice Potato Company on October 4, 1916, to the State Bank of Foreston; that the draft on appellees, Doretti Brothers & Company, drawn by the George E. Rice Potato Company and payable to the intervening claimant, which was the subject of the garnishment, came into the possession of the intervening claimant on January 20, 1917; that "it was brought to the bank by A. R. Davis, secretary of the George E. Rice Potato Company"; that that draft, together with others, was "applied on the note of $1,800, and held by the First National Bank of Foley for collection," and also applied upon the notes held by the intervening claimant; "that for several weeks prior to that time the George E. Rice Potato Company was paying up outstanding notes as rapidly as receipts from the sales and shipments permitted"; that all drafts received were applied in that manner; that the draft in question was sent by the intervening claimant to the garnishee, the National Produce Bank of Chicago "for collection and returns"; that "the note of the State Bank of Foreston was returned to the George E. Rice Potato Company, marked 'Paid,' and a draft for the amount of the note forwarded to the State Bank of Foreston." The draft, in question, was dated "Foley, Minn., January 19th, 1917," and

was for the sum of $1,039.80, drawn by the George E. Rice Potato Company, directed to Doretti Brothers, Chicago, Illinois, and payable to the First National Bank of Foley. On its face it was marked "Paid Jany. 19," and it was indorsed on the back: "Pay to any bank or banker. First National Bank, Foley, Minn."

On the trial of the case, the trial judge, without a jury, found the issues as to the interplea of the First National Bank of Foley—the intervening claimant—in favor of the appellees (Doretti Brothers & Company), and also found the issues as to the attachment and as to the merits of the action against the George E. Rice Potato Company, and assessed the appellees' damages at the sum of $206.67. Judgment was entered in favor of the appellees and against the George E. Rice Potato Company in the sum of $206.67, and judgment was also entered in favor of the George E. Rice Potato Company against the garnishee, the National Produce Bank, in the sum of $206.67 for the use of the appellees.

The decisive question in the case is whether, at the time the attachment in aid was begun, the garnishee, the National Produce Bank, had in its possession any property belonging to or was in any way the debtor of the George E. Rice Potato Company. On January 17, 1917, a draft was drawn by the George E. Rice Potato Company, appellant, payable to intervening claimant, the First National Bank of Foley. On January 20, 1917, the drawer took the draft to the payee, the intervening claimant, and the latter applied it—together with others—on a note of $1,600 which the drawer owed to the State Bank of Foreston, and which the intervening claimant held for collection, and on other notes held by the intervening claimant. The latter at that time held certain notes of the George E. Rice Potato Company aggregating $10,300, which, however, were not at that time due but which repre-

sented indebtedness due from the George E. Rice Potato Company to the intervening claimant.

The evidence shows that for several weeks prior to January 17, 1917, the George E. Rice Potato Company had been paying up outstanding notes in the possession of the intervening claimant as rapidly as its receipts from sales permitted, that is, by the application of drafts as they were received. The note of the George E. Rice Potato Company which was owned by the State Bank of Foreston and which the intervening claimant held for collection was, after the receipt of the draft in question, returned to the George E. Rice Potato Company marked "paid"; also a draft for the amount of the note was sent by the intervening claimant to the State Bank of Foreston, and the draft in question was sent to the garnishee, the National Produce Bank, "for collection and returns." It will be observed the foregoing all took place before January 24, 1917, the date of the attachment in aid.

In view of the facts as set forth, it is difficult to discover any outstanding obligation from the garnishee to the original debtor, the George E. Rice Potato Company, after January 20, 1917. When the latter deposited the draft with the intervening claimant, First National Bank of Foley, and was given credit therefor; and the Foreston note was marked paid and returned to the George E. Rice Potato Company, and a draft for that amount sent by the intervening claimant to the State Bank of Foreston, all the relations growing out of the depositing of the draft by the George E. Rice Potato Company with the intervening claimant, the First National Bank of Foley, came to an end. The fact that the latter then sent the draft to the garnishee for collection is no evidence of any obligation remaining by reason of the draft, between the intervening claimant and the George E. Rice Potato Company. And as far as the possession of the draft by the garnishee is concerned, the latter held it merely

for collection for the benefit of the intervening claimant, and there was no obligation whatever on the garnishee to the George E. Rice Potato Company. The law is well settled that there must be an indebtedness from the garnishee to the attachment debtor; also that "third parties claiming the subject-matter garnisheed may interplead and assert any interest they have therein, and may appeal from an adverse decision." *American Nat. Bank v. Western Hay & Grain Co.*, 69 Ill. App. 268. The latter case, although not on all fours, is quite similar to the instant case.

We find no conflict in the evidence, and certainly it sufficiently shows that when the draft was originally taken to the National Bank of Foley, the intervening claimant, it was applied on the indebtedness of the George E. Rice Potato Company. The evidence is not very full in regard to the exact manner of the application of the amount of the draft by the intervening claimant, but certainly, there being nothing to the contrary, it justifies the conclusion that the draft—in full —was applied to a reduction in the outstanding indebtedness of the George E. Rice Potato Company upon its note to the State Bank of Foreston and in part payment of the notes aggregating $10,300. Whether or not the notes of the George E. Rice Potato Company held by the State Bank of Foley aggregating $10,300 were due makes no difference. We are of the opinion that the evidence amply proves that, at a time prior to the attachment in aid, the intervening claimant became the complete legal and equitable owner of the draft. No question as to the implied authority on the part of the intervening claimant to apply the draft arises, inasmuch as the evidence affirmatively shows that the draft in question was taken to and deposited with that bank by an officer of the George E. Rice Potato Company, itself.

Considering, then, all the evidence, the only rational inference seems to be that the George E. Rice Potato

Doretti et al. v. George E. Rice Potato Co., Inc., 210 Ill. App. 300.

Company gave the draft to the intervening claimant, the National Bank of Foley, with the set purpose to extinguish, at that time, its indebtedness in an amount equal to the draft, and from that it follows that the intervening claimant, after it had received and credited the appellees with the amount of the draft, then owed nothing further to the appellees, and then, further, and *a fortiori*, the garnishee, which subsequently received the draft from the intervening claimant but prior to January 24, 1917, owed nothing to the original debtor. *American Nat. Bank v. Western Hay & Grain Co., supra.*

The contention is made by counsel for the appellees that the bill of exceptions is not in compliance with section 23 of the Municipal Court Act (J. & A. ¶ 3335). Inasmuch, however, as the bill of exceptions was properly signed and sealed by the trial judge and recites, just above the certificate, ''Which was all the evidence offered, heard or received on the trial of the above entitled cause,'' which latter quotation seems to have been overlooked by counsel for the appellees, we are of the opinion that the objection is untenable. *Weingarden v. Weinberg,* 203 Ill. App. 228; *Denison-Gholson Dry Goods Co. v. Inger,* 203 Ill. App. 130; *Miller v. Anderson,* 269 Ill. 608.

Owing to the errors committed in the course of the trial in finding against the interplea of the appellant, First National Bank of Foley, and in entering judgment that the right to the funds in the hands of the garnishee was in the plaintiff and not in the intervening claimant, and in entering judgment that the George E. Rice Potato Company recover $206.67 from the appellant, National Produce Bank, garnishee, for the use of the appellees, the judgment is reversed with the direction that judgment be entered in favor of the intervening claimant.

*Reversed and remanded with directions.*