CHARLES T. HAILE, JAMES N. HENDERSON and JOSEPH G. DANCE *vs.* WILLIAM F. PEIRCE.

*Parol evidence admissible to Show whether a party Signs a note as Principal or Agent.*

A promissory note was given in the following terms: " Four months after date the President and Directors of the Dulaney's Valley and Sweet Air Turnpike Company, of Baltimore county, promise to pay William F. Peirce, or order, one thousand dollars, with interest, for value received." The note was signed by C. T. H, President, J. N. H and J. G. D, Directors, and E. R. S, Secretary. On a suit by the payee to charge the drawers of the note, HELD:

That the terms of the note, upon its face, being ambiguous and uncertain as to the fact whether the parties signing the note did so in their individual or official capacity, it is competent for either party to show by relevant extraneous proof on what account the note was given.

When individuals subscribe their proper names to a promissory note, *prima facie*, they are personally liable, though they add a description of the character in which the note is given; but such presumption of liability may be rebutted, as between the original parties, by proof that the note was, in fact, given by the makers as agents, with the payee's knowledge.

APPEAL from the Circuit Court for Baltimore County.

The facts of the case are sufficently detailed in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*Lewis H. Wheeler* and *R. R. Boarman,* for the appellants.

The appellants had a right at the trial below to plead and to give in evidence to the jury that the promissory note in question was not their note, but that it was the promissory note of a corporate body, (to wit: the Dulaney's Valley and Sweet Air Turnpike Company,) of which

the appellants were the officers, and that in signing said note the appellants acted solely in a ministerial capacity, under due and formal authority from the said corporation, and these facts were known to the appellee at the time he loaned the money which formed the consideration of the said note. *Wyman vs. Gray,* 7 *H. & J.,* 409; *Johnson vs. Smith,* 21 *Conn.,* 627; *White vs. Skinner,* 13 *Johns. Rep.,* 307; *Hovey vs. Magill,* 2 *Conn.,* 680; *Hodgson vs. Dexter,* 1 *Cranch,* 105; *Collins vs. Johnson,* 16 *Georgia,* 458; *Babcock vs. Beman,* 1 *Kernan,* 200; *Byles on Bills,* (4 *Am. Ed.,*) 27, (1;) *Brockway vs. Allen, et al.,* 17 *Wendell,* 40; *Story on Agency,* (6th *Ed.,*) 154, *a.*

A corporation can act only through its officers, and in no case would they be safe in the discharge of their duties if they were not allowed to give evidence of their ministerial and official acts in suits brought for the purpose of rendering them personally liable for their official contracts. *Hodgson vs. Dexter,* 1 *Cranch,* 105

*Arthur W. Machen,* for the appellee.

The note in question is, upon its face, the promissory note of the defendants. Sparks, possibly, was also liable; but this is unimportant, as he had not been made a party defendant, and as his non-joinder was not pleaded in abatement. But the *defendants* are certainly bound, personally. Although they are described in the body of the instrument as the President and Directors of a corporation named the Dulaney's Valley and Sweet Air Turnpike Company, and add the words "President" and "Director" to two of their names in the signature, there are no words, either in the body or signature, declarative of a promise made *for* said corporation. The words "*we*" also indicate a promise of the signers, and not of the corporation. *Sumwalt vs. Ridgely,* 20 *Md.,* 107; *Wyman vs. Gray,* 7 *H. & J.,* 409; *Lennard vs. Robinson,* 5 *El. & Black.,* 125; *Hills vs. Bannister,* 8 *Cowen,* 31; *Byles on Bills,* 55.

Haile, *et al. vs.* Peirce.

The note could not be held to be the note of the *corporation*. Its charter contains no *express* authority to issue negotiable paper, and a turnpike company possesses no such power by implication. *Grant on Corp.*, 276, (80 *Law Library*, 287;) *Byles on Bills*, 33; *Pennsylvania Steam Navig. Co. vs. Dandridge*, 8 *G. & J.*, 218; *Abbott vs. Balto. & Rapp. S. P. Co.*, 1 *Md. Ch. Dec.*, 542; *Maryland Hospital vs. Foreman*, 29 *Md.*, 524.

The rule is, that an ambiguously-worded instrument is to be construed *ut res magis valeat quam pereat*, and, as the company could *not* be bound, the parties who signed must, of necessity, be bound; the words used being sufficient to charge them. All the cases recognize this principle. *Mare vs. Charles*, 5 *El. & Black.*, 978, (85 *E. C. L.*)

The case falls within the rule that an agent, assuming to represent a principal, but having no authority to bind the principal, is himself liable upon the contract, provided it be in such form that, rejecting the words relating exclusively to the principal, it contains apt words to charge the pretended agent. *Woodes vs. Dennett*, 9 *New Hamp.*, 55.

The case of *Rew, Ex'r of Newton, vs. Pettet and others*, 1 *Ad. & El.*, 196, in its circumstances, strongly resembles the present case.

The parol evidence offered for the purpose of showing that the defendants were acting as agents for the turnpike company, and was so known and recognized by the plaintiff, was properly excluded. Parol evidence is never admissible for the purpose of *discharging* an agent from a liability imposed upon him by the terms of a written contract into which he has entered. *Higgins vs. Senior*, 8 *M. & W.*, 844; *Nash vs. Towne*, 5 *Wallace*, 689.

Whether or not the defendants were understood to be acting as agents for the turnpike company was immaterial. They bound themselves, personally, by the terms of the note, and they had no power to bind the Company.

STEWART, J., delivered the opinion of the Court.

The action in this case was brought to recover on the promissory note of the following description, to wit:

$1,000.                    BALTIMORE COUNTY, *August 8th*, 1865.

Four months after date, we, the President and Directors of the Dulaney's Valley and Sweet Air Turnpike Company of Baltimore County, promise to pay to William F. Peirce or order, one thousand dollars, with interest, for value received.

CHARLES T. HAILE, *President.*
J. N. HENDERSON, *Director.*
JOSEPH G. DANCE.

EDWARD R. SPARKS, *Sec'y.*

The first and second counts of the *narr.* were for money lent and paid; the third, for the overdue and unpaid promissory note; the fourth, like the third, with the addition that the appellants promised as President and Directors of the Company.

The appellants filed seven pleas—first, that they were never indebted; second, that they did not promise as alleged; third, fourth, fifth and sixth were special pleas, and demurred to, but not material, to be particularly described here; the seventh, that the promissory note sued on is not the note of the appellants.

The appellants admit their signatures to the note and its due execution, but insist that they signed the same as agents for the company, and not in their individual capacity, for a debt due by the company; that the appellee accepted it as such, with full knowledge that such was its character and purpose. They therefore maintain, that it is not their individual note, and that they are not bound, individually, for its payment.

The material issue between the parties is, as to the liability of the appellants to pay the note in question. Owing to the obscure manner in which instruments have been drawn, and

the uncertainty of the terms of description where contracts have been made or promissory notes given by agents, there has been difficulty in determining whether the principal or the agent, or both, are liable, not because of any difference in the principles of construction governing in such cases, but from their application to particular cases; and no uniform and consistent rule can be extracted from the authorities upon the subject.

In the Court of Appeals of our own State, in the case of *Sumwalt vs. Ridgely,* 20 *Md.,* 114, the Court, referring to cases to be determined alone from the terms of the instrument, state—"the established rule seems to be, that an agent, in making a promise for a principal, is liable on the promise, unless it be expressed in terms which show that it was made for and on behalf of the principal; and where an agent makes a promissory note to a third person, in terms sufficient to bind himself as principal, the mere addition of the word agent, or other description of his office or capacity, to his signature, does not change or vary the legal effect of the promise itself;" and reference is made to *Story on Prom. Notes, secs.* 67, 68 and 69, and *Byles on Bills,* 27, *n.* 1.

If it can be collected upon the whole instrument, that the "true object and intent of it were to bind the principal and not to bind the agent, Courts of Justice will adopt that construction of it, however informally it may be expressed." *Story on Prom. Notes, sec.* 69.

But sometimes the agent may attach to his signature the character in which he signs the instrument, without any correspondent, or other description, in the body of the note—or he may, in the body of the instrument, disclose the name of his principal and sign his own individual name, without any additional description whatever—or he may sign his own name, without apt terms to charge himself, and in the body of the note, use doubtful expressions to describe the principal, leaving the precise meaning of the instrument to be gathered from the terms on its face, so ambiguous or obscure

as to render its interpretation *per se,* too difficult and uncertain for just and sound construction.

When the note is of this last description, that is, where its language or its terms are so unintelligible as to admit of no rational interpretation of the meaning, or are not sufficiently decisive of the intention of the parties, but on the contrary, are equivocal and uncertain; extraneous proof, as between the original parties,. may be admitted to show the true character of the instrument, and what party,—the principal, or the agent, or both, is liable.

Where individuals subscribe their proper names to a promissory note, *prima facie,* they are personally liable, though they add a description of the character in which the note is given, but such presumption of liability may be rebutted, as between the original parties, by proof, that the note was in fact given by the makers, as agents, with the payee's knowledge. *Byles on Bills,* 27, *n.* 1.

The terms of the note, now under consideration, upon its face being ambiguous and uncertain, as to the fact, whether the appellants did sign it, in their individual or official capacity, and relevant extraneous proof, might aid in the solution of the question; it was competent, for either party, to show by any pertinent extraneous evidence, on what account the note was given, and whether on the credit of the company or upon the individual responsibility of the appellants, as the joint makers thereof, for the purpose of proving or tending to prove the true character and purport of the note.   This could not vary or contradict the instrument, but might be explanatory of its meaning, where otherwise it would be unintelligible.   Whilst the appellants, on the one side, might prove that the note was signed by them, as agents of and for the company, by the extraneous evidence; on the other, the appellee might show that although the appellants were acting in behalf of the company, he refused to give credit to the company, and the appellants did in fact substitute their own individual responsibility for that of the company.

Evidence on both sides, relevant and proper, in reference to the true and precise character and purport of the note, was admissible; and the Court below was 'in error in excluding the testimony proposed by the appellants, appropriate to this enquiry.

The ruling of the Court below, permitting the note to be given in evidence to the Jury, (4th exception,) is affirmed; but in excluding the offered testimony on the part of the appellants, in 5th, 6th, 7th, 8th, 9th, 10th and 11th exceptions, is reversed.

Under this disposition of the case, the other exceptions (1st and 2d) in regard to the demurrer, and 3d exception to the manner of drawing the Jury, and 12th and 13th exceptions granting the appellees prayer and rejecting those of the appellants, become immaterial and unnecessary to be specially determined in this appeal.

*Judgment reversed*
*and new trial awarded.*