### H. W. HARDY v. J. S. PILCHER.

1. BILL OF EXCHANGE. *Acceptance. Principal and agent. Evidence.*
   Parol evidence is admissible, between the parties, to show that the intent of an acceptance of a domestic bill drawn by H. and accepted by B., "agent of H.," was to charge, not B. personally, but H., whose funds B. held.

2. SAME. *Demand and notice. Promissory note.*
   Such accepted bill is in effect the note of the drawer, whose liability is not terminated by lack of presentment to the acceptor, or of notice of non-payment.

ERROR to the Circuit Court of Winston County.

Hon. JAMES M. ARNOLD, Judge.

The defendant in error sued H. W. Hardy on two bills of exchange, drawn by the latter in the following terms: —

"LOUISVILLE, Miss., July 17, 1874.

"DEAR SIR, — On the 1st day of December next, please pay to J. S. Pilcher or bearer, the sum of four hundred dollars, and charge the same to my account.

"(Signed)                    H. W. HARDY.

"To Wm. S. Bolling."

Across the face of each was written,

"Accepted, Wm. S. Bolling, agent of H. W. Hardy."

Pilcher had judgment, notwithstanding the defence that the bills were never presented for payment to Bolling, but, long after maturity and without previous notice of non-payment, were presented to Hardy.

*Rives & Rives*, for the plaintiff in error.

1. Parol evidence was inadmissible to charge Hardy as the principal or acceptor of the bills sued on. 1 Daniel on Neg. Inst. § 303. The suffix to Bolling's acceptance "Agent of H. W. Hardy" was *descriptio personæ*. 1 Daniel on Neg. Inst. § 305. But one party can be legally liable as acceptor. Story on Bills of Exchange, § 254. Hardy's only liability was that of drawer.

2. The drawer who has placed securities in the drawee's hands, out of which to pay the draft, is entitled to notice of non-payment. 2 Daniel on Neg. Inst. §§ 1075, 1077, 1079. Equivalent circumstances or agreements will not be deemed a waiver of due presentment. Story on Bills of Exchange, § 371. The waiver must be unequivocal. 2 Daniel on Neg. Inst. § 1173.

*Price & Miller*, for the defendant in error.

1. The acceptance was not Bolling's, but Hardy's by him as agent. *Rockwell* v. *Elkhorn Bank*, 13 Wis. 653; *Ballston Spa Bank* v. *Marine Bank*, 16 Wis. 120; *Claflin* v. *Farmers' Bank*, 36 Barb. 540; *Houghton* v. *First National Bank*, 26 Wis. 663; *Lafayette Bank* v. *State Bank*, 4 McLean, 208; *Bank of Genesee* v. *Patchin Bank*, 13 N. Y. 309; *Burnham* v. *Webster*, 19 Maine, 232; *State Bank* v. *Wheeler*, 21 Ind. 90; *State Bank* v. *Fox*, 3 Blatch. 431; *Bank of New York* v. *Bank of Ohio*, 29 N. Y. 619; *Baldwin* v. *Bank of Newbury*, 1 Wall. 234; *Robb* v. *Ross County Bank*, 41 Barb. 586. While the negotiable instrument is in the hands of the original parties, it is not a variation of the written contract to show by parol the nature of the acceptance. Story on Bills of Exchange, § 77, and note; 1 Daniel on Neg. Inst. §§ 302, 303, 311, 418, 419, 486; *Richmond Railroad Co.* v. *Snead*, 19 Gratt. 354; *Mott* v. *Hicks*, 1 Cowen, 513; *Hicks* v. *Hinde*, 9 Barb. 528; *Babcock* v. *Beman*, 1 Kern. 200; *Lerned* v. *Johns*, 9 Allen, 419; *Kenworthy* v. *Schofield*, 2 B. & C. 945; 1 Parsons on Notes and Bills, 96; *Higgins* v. *Senior*, 8 M. & W. 834; *Krumbhaar* v. *Ludeling*, 3 Martin, 640; Chitty on Bills, 34; *Ford* v. *Williams*, 21 How. 287; *Curry* v. *Reynolds*, 44 Ala. 349; *Baldwin* v. *Bank of Newbury*, 1 Wall. 234; *Mechanics' Bank* v. *Bank of Columbia*, 5 Wheat. 326.

2. When a principal draws a draft on his agent for his

acceptance as agent, the acceptance being made in that shape by direction of the principal, to be paid out of a particular fund which is fully accounted for subsequently by the agent to the principal, the legal effect of the instrument is to bind the principal primarily, as on his promissory note. *Roach* v. *Ostler*, 1 Man. & R. 120; *Cunningham* v. *Wardwell*, 12 Maine, 466; *Hasey* v. *Beet Sugar Co.*, 1 Doug. (Mich.) 193; *Van Reimsdyk* v. *Kane*, 1 Gallis. 630; *Banorgee* v. *Hovey*, 5 Mass. 11; *Mayhew* v. *Prince*, 11 Mass. 54; *Dougal* v. *Cowles*, 5 Day, 511; Chitty on Bills, 28, 392.

*Nugent & McWillie*, on the same side.

1. The effect of the evidence was to show what was meant by the words added to the signature W. S. Bolling; whether they were merely intended as a description of the person, and, therefore, surplusage; or whether they were to figure in the case as something of importance. In this point of view *Verzan* v. *McGregor*, 23 Cal. 339, and *Ohio Railroad Co.* v. *Middleton*, 20 Ill. 629, are controlling. So are *Baldwin* v. *Winslow*, 2 Minn. 213; *Donnelly* v. *Simonton*, 13 Minn. 301; *Farmers' Bank* v. *Whinfield*, 24 Wend. 419; *Poindexter* v. *McCannon*, 1 Dev. Eq. 373; *Lowry* v. *Adams*, 22 Vt. 160; *Gray* v. *Harper*, 1 Story, 574; *Noble* v. *Epperly*, 6 Ind. 468; *Cousins* v. *Westcott*, 15 Iowa, 253; *Baldwin* v. *Bank of Newbury*, 1 Wall. 234; *Scammon* v. *Adams*, 11 Ill. 575; *Harris* v. *Pierce*, 6 Ind. 162; *Emmons* v. *Overton*, 18 B. Mon. 643; *Farmers' Bank* v. *Day*, 13 Vt. 36; *Pollard* v. *Stanton*, 5 Ala. 451; *Bank of St. Marys* v. *Mumford*, 6 Ga. 44; *Ward* v. *Stout*, 32 Ill. 399; *Grafton Bank* v. *Kent*, 4 N. H. 221; *Adams* v. *Flanagan*, 36 Vt. 400; *Riley* v. *Gregg*, 16 Wis. 666. Parol evidence is admissible to prove that the true character of the acceptor's contract differs from that which the law would imply. *Bank of Mobile* v. *Coleman*, 20 Ala. 140; *Watkins* v. *Kirkpatrick*, 2 Dutch. 84; *Hunt* v. *Chambliss*, 7 S. & M. 532; *Bell* v. *Shibley*, 33 Barb. 610.

2. It was understood that the bills would be paid out of funds thereafter to be collected by Bolling as the agent of Hardy, and the case was really one in which the drawer and acceptor were identical. There was no reason, therefore, for protest. In effect the bills could only operate as an equitable

assignment of funds which might come into the attorney's hands thereafter.   *Ross* v. *Bedell*, 5 Duer, 462 ; *Barbaroux* v. *Waters*, 3 Met. (Ky.) 304 ; Story on Bills of Exchange, § 239. Hardy should not be allowed to repudiate the transaction. *Patten* v. *Newell*, 30 Ga. 271; *Pack* v. *Thomas*, 13 S. & M. 11 ; *Commercial Bank* v. *Hughes*, 17 Wend. 94 ; *Flemming* v. *Denny*, 2 Phil. (Pa.) 111.

CHALMERS, J., delivered the opinion of the court.

The drawer of the bills of exchange sued on resisted payment upon the ground that there had been no presentment for payment, to the acceptor, and no notice of non-payment given to himself.   Parol proof was admitted, against the objection of the drawer, which fully established the fact that the paper, though in form a bill of exchange, should be treated as between the parties as a promissory note.   Hardy, the drawer, being indebted to Pilcher, and having unrealized assets in the hands of his attorney, Bolling, the parties met to secure the indebtedness.   Pilcher wrote the drafts or domestic bills sued on, and handed them to Hardy, who signed them.   They were then handed to the attorney, Bolling, for acceptance.   He declined to bind himself personally in any manner, but was willing, if desired, to accept as agent of Hardy and as binding the latter only.   This being assented to, he wrote across the face of the bills, " Accepted, Wm. S. Bolling, agent of H. W. Hardy."   It is evident that, according to the true intent of the parties as thus disclosed, the bills were substantially the promissory notes of Hardy, and that the shape which the transaction took was intended only as a dedication *pro tanto* of the assets in the hands of Bolling, and for the better satisfaction and security of Pilcher.   If, therefore, the testimony was admissible, the court below rightly instructed the jury that the drawer was liable, though there had been no presentment and notice.

Ordinarily, no extrinsic testimony of any kind is admissible to vary or explain negotiable instruments.   Such paper speaks its own language, and the meaning which the law affixes to it cannot be changed by any evidence *aliunde*.   One of the few exceptions to this rule is, where any thing on the face

of the paper suggests a doubt as to the party bound, or the character in which any of the signers has acted in affixing his name, in which case testimony may be admitted between the original parties to show the true intent. Thus, where one has signed as agent of another, while the *prima facie* presumption is that the words are merely *descriptio personæ*, and that the signer is individually bound, yet it may be shown, in a suit between the parties, that it was not so intended, but that, on the contrary, the true intention was that the payee should look to the principal, whose name was disclosed in the signature of his agent, or who was well known to be the true party to be bound. 1 Daniel on Neg. Inst. § 418 ; *Haile* v. *Peirce*, 32 Md. 327 ; *McClellan* v. *Reynolds*, 49 Mo. 312 ; *Baldwin* v. *Bank of Newbury*, 1 Wall. 234 ; *Mechanics' Bank* v. *Bank of Columbia*, 5 Wheat. 326; S. P. 1 Am. Lead. Cas. 633. The principle, though not recognized in all the cases, is, we think, a sound one, and supported by the weight of authority. It is decisive of the case at bar.        *Judgment affirmed.*

