LEWIS S. CHASE, Appellant, *against* HENRY PATTBERG,
Respondent.

(Decided June 25th, 1883.)

Defendant, being agent of a corporation and authorized to contract with
plaintiff for advertising its business and known to plaintiff to have such
authority, made a contract for that purpose in writing promising to pay
to the order of plaintiff certain sums of money for a specified amount
of advertising, which he signed with the name of the corporation
followed by his own name and the word "manager." *Held*, notwith-
standing the form of the contract "we promise to pay to the order of"
plaintiff, that it was not a promissory note, the making of which for the
corporation might have been beyond the authority of defendant; and
that he was not personally liable upon the contract.

APPEAL from a judgment of the General Term of the Ma-
rine Court of the city of New York, affirming a judgment of
that court entered upon the decision of the justice on a trial
by the court, without a jury.

The action was brought upon two instruments in writing
alleged in the complaint to be promissory notes made by the
defendant payable to the order of the plaintiff. At the
trial it appeared that one of the instruments sued upon was
as follows:

"New York, June 1st, 1877.

"We promise to pay to the order of Lewis S. Chase,
manager, fifteen dollars monthly in the following manner,
to wit: Fifteen dollars five days after date, and fifteen dol-
lars on the first day of each succeeding month, for twelve
months from date, for the privilege of advertising purposes
of one panel, each 7x22 inches in twenty-five cars of the
Third Avenue Railroad Co., in the city of New York, for
the term of one year from date, first month's bill to be ap-
plied in connection with Second Avenue contract, for a $28
machine, sold to L. S. Chase for $22.

"English S. M. Co.

"H. PATTBERG, Manager."

Chase *v.* Pattberg.

The other instrument was in the same form, differing only as to the amounts to be paid and the names of the railroad companies mentioned. It also appeared from the evidence, and the court found (trial by jury having been waived) that defendant made and signed the said contracts or notes as manager or agent of the English Sewing Machine Company, he assuming no personal liability thereon; that plaintiff had full knowledge at the time of the making of such notes or contracts, that they were made by defendant as such manager; and that plaintiff received them as the obligation of the said company, and not as the obligation of the said defendant, knowing that the defendant assumed no personal liability thereunder.

Judgment for defendant was entered upon the findings. From the judgment plaintiff appealed to the General Term of the Marine court, which affirmed the judgment, and from this decision plaintiff appealed to this court.

*John Brooks Leavitt*, for appellant.

*W. H. O'Dwyer*, for respondent.

VAN BRUNT, J.—The plaintiff in this action claims to recover upon two grounds:

First, that the instrument sued upon is the defendant's contract.

Secondly, that if the court should find that it was signed by him as agent, there is no proof that the agent had any authority to execute any such instrument.

I am of the opinion that the finding of the learned justice who tried the case in the court below is fully sustained, that the contract in question was made by and on account of the English Sewing Machine Company, and that the plaintiff received the same as an obligation of the company and not as an obligation of the defendant.

It is claimed upon the part of the appellant, that although the defendant in this action may have been authorized to

make a contract with the plaintiff for advertising on behalf of the English Sewing Machine Company, yet he had no right to sign a promissory note. The instruments in question are certainly contracts, and merely because they contain a promise to pay to the order of the plaintiff the consideration money of the contract, and thereby contain words which belong to a promissory note, the character of the instrument signed is not materially changed. The evidence in the case is that the defendant wrote to the person whom he supposed to be the president of the company, and received the authority to make the contract which he did. The evidence of the defendant shows that the plaintiff was informed of the fact that the defendant was making this contract on behalf of the English Sewing Machine Company, and the contract so reads. The case of *De Witt* v. *Walton* (9 N. Y. 571), relied upon by the appellant's counsel, is not at all parallel to the case at bar. In that case the note was signed by the defendant. To be sure his signature was followed by the words "Agent for the Churchman," but the language of the instrument was, "I promise to pay." The words "Agent for the Churchman" were clearly words of description. If the note had read "We promise to pay," and had been signed "The Churchman, Walton, agent," a different result would probably have been arrived at by the learned court, and such is the signature appended to the contract in question in the case at bar. The burden of the appellant's argument seems to be that it was established by the evidence in this case that the defendant had no right to sign a promissory note. As has already been said, the language used in the contract under consideration, whereby a promise is made to pay for the services to be rendered, may have embraced the elements of a promissory note, yet the whole of the contract being expressed in the instrument, this fact did not change the nature of the agreement made on behalf of the English Sewing Machine Company by the defendant and the plaintiff, and such agreement seems to have been within the authority sworn to by the defendant.

I am of the opinion, therefore, that the judgment appealed from should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and BEACH, J., concurred.

Judgment affirmed, with costs.