## WIERS *et al.* v. TREESE.

No. 726. Opinion Filed January 10, 1911.

1.  **BILLS AND NOTES—Official Signature—Intent of Parties— Parol Evidence.** Where a promissory note is signed by individuals with a representative description, it is not error to admit parol evidence to show that the intention of the parties was to obligate themselves to its payment.

2.  **SAME—Case.** In an action brought to recover a judgment on the following note: "$40.00. Cleveland, Okla., Sept. 6th, 1901. Jan. 1st, 1904, after date, the Greenwood Gin Co. promises to pay S. N. Treese & Son or bearer, forty dollars at the Triangle Bank of Cleveland, Okla. Value received with interest at 10 per cent per annum. No. 3, due Jan. 1st, 1904. M. A. Wiers, Pres. of Company. W. A. Moore, Sec.", it was not error to admit evidence to establish that the signers of the same executed it with the intention of personally obligating themselves to pay it, and that the same was not intended by the parties to be an obligation of the Greenwood Gin Company.

3.  **NEW TRIAL—Grounds—Newly Discovered Evidence—Diligence.** Where no diligence is shown to have been exercised to secure for submission on the trial alleged newly discovered evidence presented in support of a motion for new trial, the denial thereof is not error.

(Syllabus by the Court.)

*Error from District Court, Pawnee County; L. M. Poe, Judge.*

Action by S. N. Treese against M. A. Wiers and W. A. Moore. Judgment for plaintiff, and defendants bring error. Affirmed.

*E. M. Clark,* for plaintiffs in error.

*N. E. McNeil,* for defendant in error.

DUNN, C. J.   This case presents error from the district court of Pawnee county, being an appeal to that court from a judgment of a justice of the peace, rendered prior to statehood. Action was brought by S. N. Treese, as plaintiff, to recover against M. A. Wiers and W. A. Moore, defendants, on the following promissory note:

"$40.00.                      Cleveland, O. T., Sept. 6th, 1901.

"January 1st, 1904, after date, the Greenwood Gin Co. promise to pay to S. N. Treese & Son or bearer, forty dollars at the Triangle Bank of Cleveland, O. T., value received with interest at 10 per cent. per annum.

"No. 3.   Due Jan. 1st, 1901.

        " M. A. WIERS, Pres. of Company,
        "W. A. MOORE, Sec."

Judgment was rendered on the trial in the district court in favor of plaintiff, and the defendants have appealed to this court, assigning error on two propositions: First, that the court erred in admitting oral testimony to explain who was liable on the note in question; and, second, in overruling motion of plaintiff in error for new trial for and on account of newly discovered evidence.

It appears that on the trial of the action the court admitted, over the objection of plaintiffs in error, evidence showing that the note was signed by them in their personal capacity and that it was intended to bind them, and not the Greenwood Gin Company. Courts in which this proposition has been presented and passed on have left no field for original research or expression, and, in passing on the same, we content ourselves with a quotation from two well-considered cases which disclose the state of the law and which express our views.

The Supreme Court of Maryland, in the case of *Laffin & Rand*

*Powder Co. v. Sinsheimer,* 48 Md. 411, in holding parol evidence admissible in such case, said:

"The construction of written instruments, signed by persons describing themselves as agents, or as officers of corporations, has been a fruitful source of litigation, and the decisions are conflicting and in many cases unsatisfactory. Not that there seems to be any difficulty in regard to the rules of law, which ought to govern in the interpretation of contracts, but in the application of such rules to each particular case. The subject is fully considered by. Parsons on Notes and Bills, Story on Promissory Notes, Byles on Bills of Exchange; and we do not propose to examine in detail the many cases referred to by these writers, nor attempt the fruitless task of reconciling conflicting decisions. After all, the question whether one signing a note or accepting a bill, as an officer of a corporation, means to bind himself personally, is a question of intention between the parties to the instrument; and this intention, we admit, as a general rule, must be determined by the face of the paper itself. Where one having authority accepts a bill in such a manner as manifests an intention not to bind himself but to bind a corporation of which he is an officer, and to be paid out of the funds of the corporation, it is clear in such a case, the acceptance will not bind him personally. But cases frequently occur, owing to the almost infinite variety in forms of expression and in the use of words, in which it is difficult to determine from the face of the paper itself whether the party signing means to bind himself, and adds his official character merely for the purpose of indicating the character in which he acts, or whether the official character is added for the purpose of showing he does a mere ministerial act, and that the promise is made and the obligation incurred for and in behalf of the corporation. In other words, does he, in the language of the court in *Bradlee v. Boston Glass Com'y.* 16 Pick. 347: 'Apply the executing hand as the instrument of another; or the promising and engaging mind of a contracting party'? In such cases, where there is such ambiguity on the face of the paper as to be consistent with either construction, whether one means to bind himself personally, or acts only in an official capacity, parol evidence is clearly admissible, to prove the circumstances under which the contract was made; or, in other words, to prove the true nature of the transaction. *Hails et al. v. Pierce,* 32 Md. 330; 1 Am. Leading Cas., marg. 633; notes to *Rathbon v. Budling,* and *Pentz v. Stanton.*

Parol evidence in such cases does not contradict, alter, or add to the written instrument, but explains the intention of the parties, and which could not be ascertained with any degree of certainty from the face of the instrument itself."

And speaking further of the conflict referred to in the case above noted, and holding parol evidence admissible, the Appellate Court of Indiana, in the case of *Swarts v. Cohen et al.,* 11 Ind. App. 20, 38 N. E. 536, referring to an action on a note similar to the one in the case at bar, said:

"In *Falk v. Moebs,* 127 U. S. 597, 8 Sup. Ct. 1319, it is said that this conflict amounts to almost anarchy of the authorities. In the following cases, notes and bills of exchange similarly signed as the one in suit were held to be the obligation of the corporation alone. *Draper v. Massachusetts, etc., Co.,* 5 Allen, 338; *Rendall v. Harriman,* 75 Me. 497; *Castle v. Belfast, etc., Co.,* 72 Me. 167; *Sturdivant v. Hull,* 59 Me. 172; *Carpenter v. Farnsworth,* 106 Mass. 561; *Liebscher v. Kraus,* 74 Wis. 387, 43 N. W. 166. Many other cases might be cited to the same effect. On the other hand, notes and bills somewhat similarly signed have been held to be the individual obligation of the person signing them or the joint obligation of the corporation and the individual. *Chase v. Pattberg,* 12 Daly, 171; *Kean v. Davis,* 21 N. J. Law, 683; *Fisk v. Eldridge,* 12 Gray, 474; *Tucker, etc., Co. v. Fairbanks,* 98 Mass. 101; *De Witt v. Walton,* 9 N. Y. 571; *McClellan v. Reynolds,* 49 Mo. 312; *Heffner v. Brownell,* 70 Iowa, 591, 31 N. W. 947; *Heffner v. Brownell,* 75 Iowa, 341, 39 N. W. 640; *McCandless v. Belle Plains, etc., Co.,* 78 Iowa, 161, 42 N. W. 635. In many of the cases the decision of the court turns on a very slight change in the terms of the instrument or the manner in which it is signed. If a written instrument is uncertain or its meaning cannot be definitely determined upon its face, extrinsic evidence may, under proper averments, be given, not to vary the terms, but to clear up the ambiguity. This is especially true where the action is between the original parties to the contract. Daniel's Negot. Inst., sec. 418; 1 Parsons, Notes and Bills, 168; *Haile v. Peirce,* 32 Md. 327; *Hardy v. Pilcher,* 57 Miss. 18; *Baldwin v. Bank,* 1 Wall. 254; *Mechanics' Bank v. Bank of Columbia,* 5 Wheat. 326; *Metcalf v. Williams,* 104 U. S. 93; *Brockway v. Allen,* 17 Wend. 40."

In the case at bar, if the note in question does not carry with it the manifest intention to bind the defendants, we must hold that

such ambiguity exists as to open the door to the admission of evidence to make certain the intention of the parties. Other authorities sustaining the conclusion to which we have come may be noted as follows: 2 Ency. Evidence, p. 464; Mechem on Agency, sec. 445; 8 Cyc., p. 269, n.; *Metcalf v. Williams*, 104 U. S. 93; *Frankland v. Johnson*, 147 Ill. 520; *La Salle Nat. Bank v. Tolu Rock & Rye Co.*, 14 Ill. App. 141; *Wetumpka & Coosa R. R. Co. v. Bingham*, 5 Ala. 657; *Southern Pacific Co. v. Von Schmidt Dredge Co.*, 118 Cal. 368; *Shaffer et al. v. Hohenschild*, 2 Kan. App. 516; *Gillig, Molt & Co. v. Lake Bigler Road Co.*, 2 Nev. 214; *Day v. Ramsdell et al.* (Iowa) 32 N. W. 208.

The showing made of alleged newly discovered evidence, tendered in support of the motion for a new trial, does not disclose any diligence whatsoever was exercised to procure the same in time for the trial, provided it could reasonably be termed newly discovered, which we very much doubt, and the court committed no error in denying the motion.

Finding no error in the record, the judgment of the trial court is, accordingly, affirmed.

All the Justices concur.