## SHINN v. SHAWNEE TYPEWRITER CO. et al.

No. 20294. Opinion Filed July 28, 1931.

M. L. Hankins, for plaintiff in error.

Kienzle & Hickok, for defendants in error Shawnee Typewriter Company, Carl Spangler, and C. E. Momand.

Chapman & Chapman, for defendant in error F. R. Oakes.

CULLISON, J. O. T. Shinn, as plaintiff, instituted suit against the Shawnee Typewriter Company, F. R. Oakes, Carl Spangler, and C. E. Momand, defendants, for the conversion of 362 shares of stock in the Shawnee Typewriter Company. The court sustained a demurrer to plaintiff's evidence and held for the defendants.

To reverse the decision of the court the plaintiff appeals. The record discloses that one Larson held a judgment against F. R. Oakes and M. M. Oakes in the district court of Oklahoma county. An execution was issued out of the district court of Oklahoma county and forwarded to the sheriff of Pottawatomie county, directing him to levy upon the property of F. R. Oakes and M. M. Oakes. The sheriff levied upon the personal property of F. R. Oakes and M. M. Oakes consisting of 362 shares of stock in the Shawnee Typewriter Company, advertised the same for sale and sold said shares of stock to O. T. Shinn, plaintiff in the case at bar. Shinn requested of the Shawnee Typewriter Company and its officers that the stock in question be turned over to him, but was refused by defendants. Thereafter he instituted this suit in the superior court of Pottawatomie county against defendants for the conversion of the 362 shares of stock.

The record further discloses that after the levy was made by the sheriff and notice of sale was given, an application was made to the district court of Oklahoma county to recall the execution. A part of the appearance docket of Oklahoma county was introduced in evidence at the trial by defend-

ants and said portion of the appearance docket contained the following notation:

"Apr. 7. ent. Comes on for hearing on motion to recall execution ____ Motion sustained, exceptions allowed and notice of appeal given all as per J. E."

After the plaintiff rested and defendants commenced introduction of their testimony, the court stopped defendants, and requested that plaintiff be recalled to the witness s'and. The court called the plaintiff's attention to the entry just set out, supra, and asked:

"Q. Were you present in court at that time? A. No, not when the motion was sustained. Q. Wait a minute—Did you have any knowledge that the court had afterwards sustained a motion to recall and that the court had ordered the execution recalled? A. Comes now the plaintiff, and moves the court to send the jury out and question me in the absence of the jury, and I will tell all about it. By the Court: The court refuses to accede to the request, for the reason that the court sustains at this time the demurrer of the defendants to plaintiff's evidence, for the reason that this record shows that the court in Oklahoma county had, on the 7th day of April, 1926, recalled the execution, and the sale was made on the 8th, and at the time the sale was made in Tecumseh, there was no valid execution in existence, and the court is warran'ed in saying that this plaintiff knew this, and the case is dismissed at the cost of the plaintiff. By Mr. Hankins: Note our exception."

The whole question in this appeal depends on the proposition of whether or not the execution was recalled. If the execution was recalled, there was no valid order of the court directing the sheriff to sell the property in question at the time the sale was made. The trial court concluded that the execution had been recalled and sustained the demurrer to plaintiff's evidence. P'aintiff made his application for a new trial on the grounds of newly discovered evidence and presents the following journal entry from the district court of Oklahoma county:

Journal Entry (omitting caption).

"Now, on this the 7th day of April, 1926 this cause comes on to be heard on motion of the defendants to recall the execution in the hands of the sheriff of Pottawatomie county, Okla., and the same being submitted to the court, it is ordered by the court that said execution be recalled. Thereupon the plain'iffs asked permission of the court to execute a bond of indemnity to the defendan's against any loss or damage that might accrue by virtue of said execution not being recalled, and it appearing to the court that the execution had been levied and sale advertised and about to be made, the court, after consideration, recalled its order recalling the execution and directed the plaintiffs to execute a bond to protect the defendants against any damage sustained so that said sale might be made in conformi'y to the advertisement. And thereupon the plaintiffs accepted the conditions made and executed their bond as aforesaid, and the motion to recall the execution was overruled, with exceptions to the defendants.

"This journal entry is written on this 5th day of January, 1929, to correct said proceedings had on the 7th day of April, 1926, when this matter was heard by the court and order made but the clerk failed to make proper entry.

"Sam Hooker, Judge."

This order contradic's the notation made on the appearance docket by the clerk in regard to the same proceedings. The clerk's notation on the appearance docket states that the motion to recall the execution was sustained, while the certified copy of the order shows that the motion to recall the execution was overruled. The latter is s'gned by the district judge and would prevail over the former. The trial judge rendered judgment against plaintiff under the assumption that the entry made by the clerk was correct, but, according to the order of the district judge presented with plaintiff's motion for new trial, the evidence on which the trial judge based his decision was incorrec'.

With the record as outlined and as supported by the following authorities we hold that the trial court erred in overruling plaintiff's motion for a new trial. Authorities: St. L. & S. F. v. Hurley, 30 Okla. 333, 120 Pac. 568; McCants v. Thompson, 27 Okla. 706; 115 Pac. 600; Burns v. Vaught. 27 Okla. 711, 113 Pac. 906; Weirs v. Treese, 27 Okla. 774, 117 Pac. 182; Hobbs. v. Smi'h, 27 Okla. 830, 115 Pac. 347. 34 L. R. A. (N. S.) 697; Graham & Waterman on "New Trials," vol. 3, p. 12; 29 Cyc. p. 86, and authorities cited.

The record does not contain sufficient evidence for this court to render final judgmen' for either plaintiff or defendants. The cause is remanded to the trial court. with directions to grant a new trial.

KORNEGAY, J., concurs. LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, and McNEILL. JJ., concur in the conclusion. CLARK, V. C. J., dissen's.

Note.—See under (1) 20 R. C. L. 290.