William J. HARRIS, Plaintiff in Error,

v.

W. T. MILAM, Defendant in Error.

No. 40314.

Supreme Court of Oklahoma.

Jan. 28, 1964.

Rehearing Denied Feb. 25, 1964.

Franklin, Harmon & Satterfield, Oklahoma City, for plaintiff in error.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for defendant in error.

WELCH, Justice.

Plaintiff's petition sought judgment against defendant W. T. Milam on three promissory notes which provided:

"* * * for value received, I, we, or either of us, jointly and severally, prom-

ise to pay to the order of William J. Harris * * *

> W. T. Milam
> Braniff Eng'r Corp.,
>     President
> C. J. Crim `
> Braniff Engineering Corp.,
>     Sec'y-Treasurer."

The defense to the suit was that it was intended by the parties that the notes were sole obligations of Braniff Engineering Corporation.

The trial court found that an ambiguity had been created by the manner in which the notes were signed and, after hearing evidence, found that the obligation was singly that of Braniff Engineering Corporation.

Plaintiff contends that, while in proper cases, an ambiguity may be explained by parol evidence, the oral evidence must be consistent with the language of the notes. Plaintiff says the explanation of the ambiguity may not erase the individual liability of W. T. Milam on the joint and several promise of W. T. Milam and the corporation. The contention is made that parol testimony may not be allowed to change the terms of the notes from "I, we or either of us jointly and severally promise to pay" to "Braniff Engineering Corporation promises to pay." In support of his contention plaintiff directs our attention to Alexander v. Wright, 135 Okl. 96, 274 P. 480; Wiers v. Treese, 27 Okl. 774, 117 P. 182, and Keokuk Falls Improvement Co., et al. v. Kingsland & Douglas Manufacturing Co. and Ed J. Beale, 5 Okl. 32, 47 P. 484.

Such cases are inconclusive of plaintiff's contention. Keokuk Falls Improvement Co. et al. v. Kingsland & Douglas Mfg. Co., et al., supra, was expressly overruled in Janes v. Citizens Bank, 9 Okl. 546, 60 P. 290, the holding being that the general rule that extrinsic testimony is not admissible to explain or vary the testimony is subject to the exception that where anything appears on the face of the instrument which suggests doubt or ambiguity as to the party bound, or the character in which the persons who signed the instrument acted, parol testimony is admissible to show the true intent as between the original parties. The Alexander v. Wright case, supra, reveals that this court reversed the judgment of the lower court as to individual signers, and affirmed as to the trustee defendants.

The Wiers v. Treese, supra, decision was a situation in which the note sued on provided that "The Greenwood Gin Co., promised to pay" and was signed: "M. A. Wiers, Pres. of Company W. A. Moore, Sec." There judgment was for the plaintiff payee against Wiers and Moore individually. On appeal one of the two propositions presented to this court was that the trial court erred in admitting oral testimony to explain who was liable, such testimony indicating that the intention of said parties was to bind themselves personally and not the Greenwood Gin Company. The decision of the trial court was affirmed, so such case is not persuasive of plaintiff's contention.

Plaintiff appears to rely on Denman v. Brennamen, 48 Okl. 566, 149 P. 1105, L.R.A. 1915E, 1047, which case involved a suit on a note dated Sept. 25, 1906, providing:

> "We promise to pay to etc.,"      signed
> "Farmers' Union Stock Co.,
> By W. M. Denman, Direct.
>     J. A. Zackary, Direct.
>     Roy Martin, Direct.
>     J. W. McKnight, Direct.
>     H. C. Cutler, Direct.
>     D. E. Ackerman, Pres."

The petition alleged individual liability of the signers. Default judgment was obtained against signers, Cutler and Ackerman. At the conclusion of the evidence of the plaintiff the court sustained demurrers of all the defendant signers except Denman. Only Denman appealed. In deciding the appeal the court said but one question was involved: "On the face of the note as herein set out, is it ambiguous in the sense that it was error to admit parol evidence to show that the intention of the parties was to obligate themselves to its payment?"

This court answered such question in the affirmative, but did not clearly indicate whether the affirmative answer to the question pertained to ambiguity or to error in admission of parol evidence to show intention of the parties to obligate themselves personally. The court said, however, the real intention of the parties was left in doubt by the addition of other names and suffixes added than those of the president, secretary or treasurer of Farmers' Union Stock Company as, without additional names, the note would have been that of the corporation. The decision does not mention section 20 of the Negotiable Instruments Law, enacted subsequently by this state in 1909, and being 48 O.S.1961 § 40. While repealed by the 1961 Legislature with the adoption of the Uniform Commercial Code, such statute was in effect at the time herein concerned. It provides:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or in behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

■ A general rule under the Negotiable Instrument Act is that where an agent with authority to sign his principal's name, signs his own name and does not add to his signature any words indicating that he is acting in a representative capacity, but the instrument does set forth either immediately above the signature of the agent, or elsewhere thereon, the name of a third party in an action by the payee against the signer, the latter is presumptively liable personally, but that parol evidence is admissible to show that such signer was the agent of the party whose name was there set forth and to show that the signer intended not to be bound himself.

■ It is easier to justify under such rule the introduction of parol testimony for the purpose of showing:

"W. T. Milam,
Braniff Engineering Corp.,
President
C. J. Crim
Braniff Engineering Corp.,
Sec'y-Treasurer"

might represent execution on behalf of the principal Braniff Engineering Corporation by W. T. Milam its President and Agent, notwithstanding the absence of the use of any word such as "by" or "for" to show that the individual described as an official was acting for the corporation whose name also appears on the instrument. Clearly, if the individual signer may be freed from personal liability where he signs the principal's name followed by his own, he should be freed where he signs the name of his principal company by his name as an official of such company.

Mecham on Agency, Sec. 1162 reads:

"Where the paper bears on its face some reference to a principal, or some appellation indicating representative character * * * *between the original parties* to a bill or note, parol evidence is admissible to show (a) that by a course of dealing between the parties that form of execution had come to be the recognized and adopted form by which the obligation of the principal is entered into, whether the purpose be to *discharge the agent or to charge the principal;* or (b) that the instrument was to the knowledge of the parties, intended to be the obligation of the principal and not the agent, and that it was given and accepted as such, certainly where the purpose is to exonerate the agent, or, by many authorities, to *charge the principal, and* (c) *that an* instument which is so ambiguous upon its face as to render it uncertain who was intended to be bound, was known to be intended to be the obligation of the principal, and this whether the pur-

pose was to exonerate the agent or to charge the principal."

The notes in the instant case are on printed forms, the "I, we or either of us, jointly and severally promise to pay" being part of the printed wording. The form also contained several blank spaces for the accommodation of writing or typing necessary for proper completion of the instrument. But signatures are also necessary for proper completion of such instruments. The suffix of the defendant as "President" is typed thereon and appears on the face of the instrument following the signature and in connection with the typed name "Braniff Engineering Corporation," thus indicating corporate obligation only. 48 O.S.1961 § 37, subd. 4 is:

"Where there is a conflict between the written and printed provisions of the instrument, the written provisions prevail;"

and is deemed applicable. Therefore we conclude that the finding of the trial court that the method of signing created an ambiguity and that the same may properly be explained by parol evidence was not error.

Affirmed.