**MINNESOTA PAINTS, INC.,**
Plaintiff in Error,

v.

**Irma B. JOHNS, Defendant in Error.**

**No. 42381.**

Supreme Court of Oklahoma.

March 17, 1970.

Duvall, Head, McKinney & Travis, by Robert H. Mitchell, Oklahoma City, for plaintiff in error.

Washington & Lynn, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

Plaintiff in error, hereinafter referred to as "plaintiff", instituted the present action against defendant in error, hereinafter referred to as "defendant", on a promissory note, not exhibited or described, except in plaintiff's Petition, whose allegations (omitting its prayer) are as follows:

"I

That on April 10, 1962, said defendant, executed and delivered one promissory note in the amount of $15,800.00 payable $100.00 per month plus interest at the rate of 5% per annum. Said note was executed in the State of Texas, County of Dallas, and made payable to the plaintiff at its offices in Dallas, Texas.

II

Plaintiff further alleges that defendant has wholly refused and neglected to honor or pay this note, and that the same is now in default and the same is now declared, under the terms of the said note, to be wholly due and payable in the amount of $3,478.42, that being the amount left unpaid after all due credits and offsets have been applied against said defendant."

Defendant's Answer, omitting its prayer, is as follows:

"Comes now the defendant, Irma B. Johns, and for answer to the petition of the plaintiff herein denies each, all and every allegation material thereto and demands strict proof thereof.

For further answer the defendant, Irma B. Johns, alleges that she received no consideration for the promissory note sued on herein.

For further answer the defendant, Irma B. Johns, alleges that the instrument mentioned and sued on in plaintiff's petition was obtained from this defendant by fraud and misrepresentation in that the agents, servants and employees of the plaintiff herein falsely and fraudulently represented to this defendant that she was signing said instrument as an officer of the corporation and that she did not owe the debt personally but was merely signing as an officer of a corporation; that this defendant then and there relied upon the false representations so made and believed them to be true, and so relying and believing was thereby induced to execute and deliver the said instrument and not otherwise.

That the said plaintiff and his agents, servants and employees well knew said representation to be false or they made said representations with a reckless disregard of whether or not they were true when they should have known and did know them to be false and made them for the purpose and with the intent that this defendant should rely and act thereon."

After the above Answer was filed, plaintiff directed interrogatories to defendant. The only ones of these interrogatories, having any bearing whatsoever on the issues in this appeal, together with the answers defendant filed to them, were as follows:

"1. Did you sign the promissory note described in paragraph I of plaintiff's petition in the within case? Yes.

2. When and where was the promissory note described in paragraph I of plaintiff's petition signed? In the office of Virgil C. Johns and Irma B. Johns.

3. Who was present when the note described in paragraph I of plaintiff's petition was signed? Basil Gooden, Virgil C. Johns and Irma B. Johns.

4. What was your relationship with Virgil C. Johns, whose name also appears on said note? Wife.

5. Is Virgil C. Johns now deceased? Yes.

6. If the answer to question number 5 is yes, state the date and place of his death. September 25, 1964.

\* \* \* \* \* \*

9. Were you engaged in a business on April 10, 1962? No.

10. Was Virgil C. Johns engaged in a business on April 10, 1962? No.

11. If the answer to questions numbered 9 and 10 is yes, please give the name and business address of said location. Virgil C. Johns Company, a corporation.

12. What was the form of organization of said business, i. e. whether an individual proprietorship, partnership, or corporation? Corporation.

13. On April 10, 1962, was said business indebted to plaintiff? Yes.

14. If the answer to question number 13 is yes, what was the amount and form, i. e. open account, etc., of said in-

debtedness and how was said indebtedness incurred? I am not informed as to the amount. Open account.

15. Was the note described in paragraph I of plaintiff's petition given to secure or substitute for such indebtedness? The note was given as a substitute for the open account.

16. Relate the conversation on the part of each of the persons who were present at the time of the execution of the note described in paragraph I of plaintiff's petition. *Mr. Basil Gooden told me that I was signing this note as secretary of the corporation.*

17. Have you, or has anyone on your behalf, made any payments on the note described in paragraph I of plaintiff's petition? I have not paid anything on the note. However, I believe some payments have been made on the note.

18. If the answer to question number 17 is yes, please state the date and amount of such payments. I have no record of the date and the amount of the payments.

19. Can you read and write the English language? Yes." (Emphasis added.)

When plaintiff thereafter filed its Motion for Summary Judgment, on the ground that the pleadings and answers to interrogatories showed plaintiff entitled to judgment as a matter of law, the pleadings in the case included a Reply, which contained a general denial of all of the material allegations of the Answer that were inconsistent with plaintiff's Petition, a special denial that the note sued on was obtained by fraud or misrepresentation, and allegations that it was signed by both the defendant and her husband, Virgil C. Johns, and that it was " * * * to substitute for or to secure a certain open indebtedness then owed by said Virgil C. Johns and Irma B. Johns to plaintiff and for the specific purpose of obtaining a forbearance of action on the part of plaintiff against defendants on said open account."

Thereafter, the trial court entered judgment, in effect sustaining plaintiff's Motion for Summary Judgment and awarding it recovery of the $3,478.42 allegedly due on the note, plus interest, costs, and attorneys fees, after finding that there was no material issue of fact to be decided in the case. Thereafter, the trial court sustained defendant's Motion for a New Trial, in which it was alleged that the court had erred, in more than one respect, in rendering summary judgment. The present appeal by plaintiff, to reverse said order granting the new trial, resulted.

The pivotal question, upon which all other questions in the present appeal hinge, is the one referred to under "PROPOSITION V" of plaintiff's argument for reversal. That question is: Did the present case involve an issue of material fact, when the lower court entered its summary judgment, later set aside in its order granting a new trial? If it did, then, under Love v. Harvey, Okl., 448 P.2d 456, 462, said court erred in sustaining plaintiff's Motion for Summary Judgment, and cannot be said, when it thereafter ordered a new trial, to have acted arbitrarily or capriciously, abused its discretion, or erred in some pure, simple and unmixed question of law. See Steiger v. City National Bank of Tulsa, Okl., 424 P.2d 69, and numerous other cases digested in 2A Okl.Dig., "Appeal & Error", ⊙977. As said in Murr v. Landrum, Okl., 338 P.2d 879, 882: " * * * As the ruling on such a motion is largely within the trial court's discretion, and an affirmative ruling thereon merely 'places the parties in a position to have the issues between them tried again, the showing to reverse it should be stronger than where the assigned error is refusal to grant a new trial.' " See also Draper v. Lack, Okl., 339 P.2d 784, and the cases therein cited.

Also under its "PROPOSITION V", plaintiff infers that there is no dispute as to the fact that defendant executed the subject promissory note, as an individual (instead of as an officer of Virgil C.

Johns Company, or some other corporation); and, to support its conclusion under that "PROPOSITION", that there is no defense available to defendant, plaintiff advances arguments under the other four propositions of its brief, that, in substance, are as follows:

1. The fact, indicated in defendant's hereinbefore quoted answers to Interrogatories "13", "14", and "15", that she and her husband executed and delivered the subject note to plaintiff "as a forbearance on a pre-existing debt", was no defense to her liability on said note.

2. If there was nothing on the face of the note creating doubt as to whether, or not, defendant was to be bound by it, as an individual, she is not permitted to introduce parol evidence either to show that she executed it as the agent, or representative, of another, or that she intended to execute it as such agent, or representative;

3. Nor, absent any claim that she could not read, may she rely upon the defense, alleged in her Answer, that persons acting for plaintiff falsely and fraudulently represented to her that she was signing the note as an officer of "the" corporation.

 The fundamental, and underlying, basis of plaintiff's crucial arguments is the premise that: the note sued on is plain and unambiguous and *contains nothing to indicate that defendant executed it as an officer of a corporation, and on its behalf*, rather than as an individual, and for herself; *but neither the note, nor any copy, or facsimile, thereof, is contained in the record*—contrary to statements in plaintiff's brief, such as the initial one under its "PROPOSITION I", that: *"The promissory note attached to plaintiff's petition and part of the record here is plain and unambiguous.* * * * (etc.)".* (Emphasis added.) In the absence of this important document, and the absence of any undisputed allegation of fact in plain-

tiff's petition, to the effect that defendant executed the note as an individual, or that the face of the note itself shows she executed it in that capacity, rather than as an agent, or officer, of the corporation referred to in her answers to Interrogatories numbered 11, 12, and 13, or some other principal (obligor), we are not warranted in assuming that the only representations made to her that the note represented a corporate, rather than a personal, obligation, were oral, or in parol, rather than in writing. In this connection, notice General Electric Credit Corp. v. Noblett, U.S.D.C. W.D.Okl., 268 F.Supp. 984, 986, in which the court overruled plaintiff's motion for summary judgment in view of the "possibility" of defendant's being able to produce written evidence. See also 48 O.S.1961, § 40, Harris v. Milam, Okl., 389 P.2d 638; Willoughby v. Ball, 18 Okl. 535, 90 P. 1017 (8th Syll.); Janes v. Citizens' Bank, 9 Okl. 546, 60 P. 290, and 11 Am.Jur.2d, "Bills and Notes", sec. 570. Accordingly, without some showing as to whether, or not, the promissory note, sued upon in this action, referred to defendant, in some way, as the agent, or representative, of another, we cannot determine the merits of plaintiff's position that there was no issue of fact to be tried by the lower court, and therefore that said court erred in setting aside the summary judgment against defendant and granting her a new trial (by the order plaintiff herein complains of). Without the facts about this characteristic of the note, which is the subject of this action, the record lacks the "clear showing" of the court's "manifest error" or abuse of discretion in the order granting a new trial, herein complained of, to warrant this Court's reversal of said order. Draper v. Lack, supra. The burden of furnishing this Court with a sufficient record to sustain his position was on the plaintiff. See Educators Automobile Ins. Co. v. Jones, Okl., 428 P.2d 277 (3rd Syll.).

In accord with the foregoing, the judgment of the lower court granting a new trial is hereby affirmed.

All the Justices concur.